**Opinion issued April 22, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00617-CV

_____

**SIMON RAMIREZ, Appellant**

**V.**

**COLONIAL FREIGHT WAREHOUSE CO. INC., Appellee**

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-20238**

## O P I N I O N

Simon Ramirez appeals a no-evidence summary judgment granted to Colonial Freight Warehouse Co., Inc. on his personal injury suit. In two issues, Ramirez contends that the trial court erred in granting summary judgment because Ramirez produced evidence sufficient to raise a genuine issue of material fact on

each challenged element of his negligence claim. We conclude that Ramirez has raised a genuine issue of material fact on each element, precluding summary disposition of his claim. We, therefore, reverse and remand.

## Background

Ramirez, a truck driver, was struck by a truck while walking across the fueling area of a truckstop. The truck that struck him was driven by a Colonial Freight employee, Winnfred Lipsius. Ramirez described the accident in his deposition, which he attached as evidence to his summary judgment response. According to Ramirez's testimony, the Colonial Freight truck sat idling in the parking lot of the truckstop. Before walking in front of the stopped vehicle, Ramirez attempted to make eye contact with the truck's driver, Lipsius, to ensure Lipsius could see him. Ramirez testified that Lipsius was looking to his left and never turned forward to see Ramirez standing at the front, passenger side of his truck. When Ramirez could not get Lipsius's attention, Ramirez walked in front of the vehicle, leaving a distance of about five feet between the truck and himself. But Lipsius's truck pulled forward before Ramirez made it across. Ramirez heard the truck "throttle up" and jumped to move out of the way. The truck's front, passenger side struck him.

Ramirez also testified about his injuries. Upon impact, he fell to his knees then "pulled [him]self up" unassisted. He had been carrying two milkshakes in his

hands when the accident occurred. The impact and fall did not cause him to drop either shake. Nonetheless, he said, "I felt hurt." He lay down in his truck bunk, "already feeling . . . the pain." He had a cut on his elbow that was bleeding, and his left shoulder was red and bruised. He testified that his shoulder hurt immediately: "[I]t was just hurting, you know, bullets in the back. And my arm was numb." Also, his neck hurt. He took ibuprofen and drove from Houston, where the accident occurred, to Brownsville later that day.

The next morning, he felt like he "couldn't get up." He was examined three days after the injury by Dr. Orso, who ordered x-rays. Ramirez understood from his conversation with Dr. Orso that he was hurt, that the discs in his spine were out of place, and that he would need additional treatment. Though he was told to return to Dr. Orso's office in two weeks, he did not. He next saw Dr. Bettencourt who performed a procedure on his neck. Later he saw Dr. Aggarwal who gave him injections in his neck. Eventually he had neck surgery and shoulder surgery.

Lipsius testified in his deposition, which also was attached as summary judgment evidence, that he had pulled his truck forward from the fueling station to a yellow line that designates where trucks need to stop to leave room for another truck to enter the fueling station behind them. He then decided he wanted something to drink and went inside the store. When he saw the long line, he went back to his truck, which was still parked in the fueling area. He started the truck,

3

released the air brake, and then looked both directions. When he looked left he saw a truck next to him and waited to see if it was going to exit the fueling area first. When that truck stopped, Lipsius removed his foot from the brake, and his truck moved forward one or two feet. Immediately after that, he saw Ramirez "spinning out from in front of [his] truck . . . ." He had not seen Ramirez before then. Lipsius admitted that he did not look around again between the time that his attention was focused on the other truck and the moment he began accelerating. He further admits that his truck hit Ramirez.

Lipsius also testified that he had a total of eight "incidents" listed on his driving report, which details prior incidents, accidents, tickets, and reasons for leaving various employers. He described four of these incidents, which occurred over a six-year period. The last involved an accident in which his truck hit a guardrail, caught on fire, and "burn[ed] to the ground." According to Lipsius's deposition testimony, with eight incidents on his report, "nobody else would touch" him.

Lipsius testified that he applied online to drive for Colonial Freight and that Colonial Freight did not ask for references. No one at Colonial Freight inquired about his driving history or past accidents. Lipsius testified that he told the Colonial Freight "safety/recruiting" employee about the guardrail accident and that he was fired as a result, and she told him "not to say anything" about that accident

to anybody else in the company. He eventually told the company owner about the incident and was told "not to worry about it."

Ramirez sued Colonial Freight, alleging that the accident caused his personal injuries and required subsequent surgical procedures to his neck and shoulder. Colonial Freight moved for no-evidence summary judgment, contending that Ramirez had no evidence of the breach and causation elements of his negligence claim and, therefore, also had no evidence on two elements of his negligent entrustment and negligent hiring claims. Ramirez responded, attaching as evidence his and Lipsius's depositions. Ramirez did not file his own affidavit or an affidavit from any physician in response to the summary judgment motion. The trial court granted Colonial Freight's motion without specifying the element for which Ramirez failed to produce evidence. Ramirez appealed.

## Standard of Review

In a Rule 166a(i) no-evidence summary judgment, the movant contends that no evidence exists as to one or more essential elements of the nonmovant's claims, upon which the nonmovant would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The nonmovant has the burden to present evidence raising a genuine issue of material fact on the challenged elements. *Id.* A no-evidence summary judgment is essentially a pre-trial directed verdict. *Bendigo v. City of Houston*, 178 S.W.3d 112, 113–14 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

5

On review, we ascertain whether the nonmovant produced more than a scintilla of probative evidence to raise a genuine issue of material fact. *Aleman v. Ben E. Keith Co.*, 227 S.W.3d 304, 308 (Tex. App.—Houston [1st Dist.] 2007, no pet.). More than a scintilla exists if the evidence "'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). If the evidence does no more than create a mere surmise or suspicion of fact, less than a scintilla of evidence exists. *Havner*, 953 S.W.2d at 711–12. To defeat a no-evidence motion for summary judgment, the nonmovant is not required to marshal its proof; his response need only point out evidence that raises a fact issue on the challenged elements. TEX. R. CIV. P. 166a(i) cmt.; *Saenz v. S. Union Gas Co.*, 999 S.W.2d 490, 493–94 (Tex. App.—El Paso 1999, pet. denied).

### Ramirez's Summary Judgment Evidence

Colonial Freight's motion focused on the breach and proximate cause elements of negligence. In response, Ramirez attached Lipsius's deposition transcript and his own deposition transcript, contending that Lipsius's testimony raised an issue of material fact on the breach element while his testimony raised an issue on causation by establishing the nature and extent of his injuries and that the "onset of painful symptoms began at the moment of the incident." We must

6

determine whether Ramirez's summary judgment evidence raised an issue of material fact on each of the challenged elements of his negligence claim.

## Breach Element

Colonial Freight moved for no-evidence summary judgment on the breach element of the negligence claim, arguing that there was no evidence that Lipsius's conduct fell below the standard of care of a driver or violated a statute.

A negligence cause of action has three elements: (1) a legal duty, (2) breach of that duty, and (3) damages proximately resulting from the breach. *See Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998). A person owes another the duty to act as a reasonably prudent person would act under the same or similar circumstances regarding a reasonably foreseeable risk. *Colvin v. Red Steel Co.*, 682 S.W.2d 243, 245 (Tex. 1984).

Colonial Freight challenges the second element of Ramirez's negligence claim: breach of the duty of reasonable care. Ramirez's summary judgment response identified specific portions of Lipsius's deposition testimony that he claims raised a fact issue. Lipsius testified that he looked both directions before attempting to drive away from the truckstop. When he looked left, he saw a truck next to him and waited to see if it was going to exit the fueling area first. When that truck did not go, Lipsius removed his foot from the brake, and his truck moved forward one or two feet. Lipsius admitted that he did not look around again

7

between the time that his attention was focused on the other truck and the moment he began accelerating.

Viewing this evidence in the light most favorable to the nonmovant, reasonable and fair-minded people could differ in their conclusions about whether Lipsius was negligent in failing to look out for pedestrians near his truck before accelerating. *See City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005) (stating that evidence is to be viewed in light most favorable to nonmovant). Accordingly, we conclude that Ramirez raised a genuine issue of material fact on the breach element of his negligence claim to avoid summary judgment on that issue.

### Causation Element

To establish causation in a personal injury case, a plaintiff must prove that the defendant's conduct caused an event and that the event caused the plaintiff to suffer compensable injuries. *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995).

Ramirez contends that he properly defeated Colonial Freight's summary judgment motion challenging his evidence on the causation element because his deposition established the nature and extent of his injuries and the "onset of painful symptoms began at the moment of the incident." Ramirez referred to his attached deposition in his summary judgment response; however, he did not refer to any

portion of the deposition with specificity. He also did not rely on expert testimony to establish causation.

We consider first whether Ramirez's nonspecific reference to his deposition, attached in its entirety as summary judgment evidence, adequately pointed out that evidence to the trial court for consideration in ruling on the summary judgment motion.

## A. Whether Ramirez's reference to evidence was adequate

A general reference to a voluminous summary judgment record is inadequate to meet the evidentiary burden in a summary judgment. *See Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 81 (Tex. 1989) ("Such a general reference to a voluminous record which does not direct the trial court and parties to the evidence on which the movant relies is insufficient."); *Eaton Metal Prods., L.L.C. v. U.S. Denro Steels, Inc.*, No. 14-09-00757-CV, 2010 WL 3795192, *6 (Tex. App.—Houston [14th Dist.] Sept. 30, 2010, no pet.) (holding that "[b]lanket citation to voluminous records" of approximately 700 pages was improper and did not raise a fact issue). This Court similarly has held that a trial court did not abuse its discretion in refusing to consider summary judgment evidence attached to a summary judgment response when the nonmovant attached a complete deposition transcript that was over 500 pages in length without referring the trial court to any specific portion of the deposition. *Guthrie v. Suiter*, 934 S.W.2d 820, 826 (Tex.

9

App.—Houston [1st Dist.] 1996, no writ); *cf. Nicholson v. Naficy*, 747 S.W.2d 3, 4 n.1 (Tex. App.—Houston [1st Dist.] 1987, no writ) (refusing to consider testimony from deposition in appellate record that "was not cited, quoted, [or] attached to any motion or response" as summary judgment evidence).

The deposition here, however, was attached and was not voluminous. It consisted of 110 total pages of testimony. Ramirez's testimony about his injuries began on page 56 and concluded by page 102.

We have previously noted that when a party attaches as summary judgment evidence a complete deposition transcript that is brief and provides a description of the facts sufficient to "connect . . . the facts to the challenged elements of the cause," the party has met its burden to point the trial court to evidence raising a fact issue. *See Aleman*, 227 S.W.3d at 309–10 (stating that "sheer brevity of the evidence cited served to adequately 'connect . . . the facts to the challenged elements of the causes of action'" and, therefore, holding that party met "minimum requirements" of Rule 166a(i) to point out evidence that raises fact issue on challenged elements) (quoting *Brewer & Pritchard, P.C. v. Johnson*, 7 S.W.3d 862, 869 (Tex. App.—Houston [1st Dist.] 1999), *aff'd*, 73 S.W.3d 193 (Tex. 2002)). Similarly, in *Stephens v. Precision Drilling Oilfield Servs. Corp.*, No. 01-11-00326-CV, 2013 WL 1928797, at *7 (Tex. App.—Houston [1st Dist.] May 9, 2013, no pet.) (mem. op.), this Court held that a general reference to all unattached

pleadings, arguments, and evidence is insufficient to invoke particular evidence for summary-judgment purposes but an express reference to a short affidavit is sufficient to point out that piece of evidence and have it considered. *Id.* (citing *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207–08 (Tex. 2002)); *see also Barraza v. Eureka Co., a Div. of White Consol. Indus., Inc.*, 25 S.W.3d 225, 229–30 (Tex. App.—El Paso 2000, pet. denied) (holding that general reference to non-voluminous deposition transcripts and other evidence of less than 300 pages attached as summary judgment evidence was adequate); *Gallegos v. Johnson*, No. 13-07-00603-CV, 2010 WL 672934, at *6 (Tex. App.—Corpus Christi Feb. 25, 2010, no pet.) (mem. op.) (holding that nonspecific reference to 185 pages of deposition transcripts in summary judgment response was sufficient because record was not voluminous and a "mere cursory review of the deposition testimony . . . raised issues of material fact regarding the underlying" claim).

Ramirez attached his own deposition as summary judgment evidence and referred the trial court to it, stating that it contained evidence of the nature and extent of his injuries and that his symptoms began with this accident. Ramirez testified that he suffered back and shoulder pain immediately after the impact and that it continued until he sought medical attention from Dr. Orso three days later. Ramirez's testimony on these issues begins on the 56th page of his deposition.

We conclude that Ramirez's nonspecific reference to his deposition testimony was adequate, given the brevity of the deposition and lack of complexity of issues raised and addressed in the deposition. *Aleman*, 227 S.W.3d at 309–10.

Ramirez also relied on medical records to demonstrate his injuries. Ramirez did not attach these records to his summary judgment response. Instead, he referred to the records previously filed with the trial court as attachments to Texas Civil Practice and Remedies Code section 18.001 affidavits. TEX. CIV. PRAC. & REM. CODE ANN. § 18.001 (allowing uncontroverted affidavits of medical expenses to support finding of fact by judge or jury that amount charged was reasonable and service was necessary). In total, there were 27 pages of medical records from four doctors.

Colonial Freight contends that the medical records were not part of the summary judgment record and, therefore, could not be used as evidence to defeat its motion when the trial court made its ruling. Colonial Freight further contends that Ramirez waived any argument that the records can be considered on appeal because he did not challenge the trial court's denial of his motion to reconsider the grant of summary judgment to Colonial Freight.

A nonmovant responding to a summary judgment motion is not required to "needlessly duplicate evidence [that is] already found in the court's file." *Saenz*, 999 S.W.2d at 494. Instead, he can request in his motion that the trial court take

12

judicial notice of evidence already in the record or, alternatively, incorporate that evidence in his motion by reference. *Steinkamp v. Caremark*, 3 S.W.3d 191, 194–95 (Tex. App.—El Paso 1999, pet. denied); *Fears v. Tex. Bank*, 247 S.W.3d 729, 734–35 (Tex. App.—Texarkana 2008, pet. denied); *Sadler v. Tex. Farm Bureau Mut. Ins. Cos.*, No. 04-12-00789-CV, 2013 WL 4736392, at *3 (Tex. App.—San Antonio Sept. 4, 2013, no pet.) (mem. op.).

Incorporating by reference does not require "magic language"; instead, the nonmovant simply must alert the court that previously filed documents are being relied upon and make the court aware of which ones are to be considered. *Steinkamp*, 3 S.W.3d at 194; *see Saenz*, 999 S.W.2d at 494. Ramirez stated in his summary judgment response that "Plaintiff['s] medical and billing records . . . have been produced to all Defendants and have been on file with this Court pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 18.001." Ramirez argued that these records raised an issue of material fact on proximate cause. That reference was adequate to include the medical records in Ramirez's summary judgment evidence that was before the trial court when it ruled. Because the records were incorporated in Ramirez's summary judgment response, Colonial Freight's waiver argument is overruled.

Having concluded that the references to the deposition testimony and the medical records were adequate to bring them within the summary judgment

evidence, we consider next whether Ramirez's evidence raised an issue of material fact to defeat Colonial Freight's no-evidence summary judgment motion on causation absent expert testimony.

**B.      Causal link between incident and injuries**

Non-expert evidence can be sufficient to support a finding of causation "in limited circumstances where both the occurrence and conditions complained of are such that the general experience and common sense of laypersons are sufficient to evaluate the conditions and whether they were probably caused by the occurrence." *Guevara v. Ferrer*, 247 S.W.3d 662, 668 (Tex. 2007); *see also Figueroa v. Davis*, 318 S.W.3d 53, 60–61 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (holding that, in some circumstances, lay testimony can establish logically traceable connection between event and condition and be sufficient proof of causation). The evidence must be adequate to allow a layperson, using general experience and common sense, to determine the causal relationship with reasonable probability. *Guevara*, 247 S.W.3d at 668. "[L]ay testimony establishing a sequence of events which provides a strong, logically traceable connection between the event and the condition is sufficient proof of causation." *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984); *Guevara*, 247 S.W.3d at 669 (holding that lay testimony was legally sufficient to support jury's finding that at least some of medical expenses were causally related to automobile accident that same day); *see*

*also Sw. Bell Tel., L.P. v. Valadez,* No. 2-07-129-CV, 2008 WL 425746, at *3 (Tex. App.—Fort Worth Feb. 14, 2008, no pet.) (holding that plaintiff's testimony was legally sufficient evidence of causation to support jury's verdict given that type and extent of injuries suffered were within layperson's common knowledge and expectation).

In *Figueroa*, the plaintiff hit his mouth on the steering wheel during a car accident. 318 S.W.3d at 58, 61. The plaintiff testified that his mouth hurt, his teeth were cracked, and, after just a couple of days, his teeth broke into pieces and fell out. *See id.* at 61. The defendant argued that there was legally insufficient evidence that the dental injury was caused by the accident. *Id.* at 58. This Court concluded that the plaintiff's lay testimony was legally sufficient evidence of causation, stating that the evidence was "akin to the 'pain, bone fractures, and similar basic conditions following an automobile collision' that the *Guevara* court indicated would fall within the common experience of lay persons so that causation could stand on lay testimony." *Id.* at 61; *see also Valadez,* 2008 WL 425746, at *3 (holding that plaintiff's lay testimony—that he experienced severe pain to shoulder immediately upon falling into hole, combined with evidence that he had not had pain before accident—sufficed to show causation).

Ramirez complained of immediate pain in his back, neck and shoulder. He testified that he was "already feeling . . . the pain," which was like "bullets in the

back," as well as numbness in his arm before he left the truckstop. The next morning was worse; he felt like he "couldn't get up." Ramirez's medical records corroborate his deposition testimony that he complained of pain in his back and shoulder immediately after the accident These complaints of pain and general soreness fall within the general knowledge and experience of lay persons and are the types of complaints that would be expected following impact with a vehicle. *Guevara*, 247 S.W.3d at 668; *Figueroa*, 318 S.W.3d at 60–61. We conclude that Ramirez met his burden, through lay testimony, to defeat Colonial Freight's no-evidence summary judgment motion on the causation element of negligence.

## C. Causal link between conduct and incident

Colonial Freight also argues that Ramirez was the sole proximate cause of the accident because he acted unreasonably by walking in front of Lipsius's truck without confirming that Lipsius saw him there. "Sole proximate cause" means the "only" proximate cause; if there is more than one proximate cause of an event, no single proximate cause can be considered the sole cause. *See First Assembly of God, Inc. v. Tex. Utils. Elec. Co.*, 52 S.W.3d 482, 493 (Tex. App.—Dallas 2001, no pet.) We have already concluded that Ramirez raised an issue of fact as to whether Lipsius's negligence caused the accident and whether the accident caused his injuries; therefore, Colonial Freight could not, as a matter of law, obtain no-evidence summary judgment on its sole proximate cause theory.

We turn next to the other negligence-based claims Ramirez asserted, which are negligent entrustment and negligent hiring.

## Negligent Entrustment

Ramirez sued Colonial Freight on a negligent entrustment theory in addition to general negligence. To prevail on a negligent entrustment theory, a plaintiff must show (1) that the vehicle owner entrusted the vehicle (2) to an unlicensed, incompetent, or reckless driver, (3) that the owner knew or should have known that the driver was unlicensed, incompetent, or reckless, (4) that the driver was negligent on the occasion in question, and (5) that the driver's negligence proximately caused the accident. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007); *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987).

Colonial Freight challenges the last two elements of Ramirez's negligent entrustment claim. We have already concluded that Ramirez raised an issue of material fact on each of those issues; therefore, Colonial Freight was not entitled to no-evidence summary judgment on this claim.

## Negligent Hiring

Ramirez also contended that Colonial Freight was liable for negligently hiring Lipsius. An employer has a general duty to adequately hire, train, and supervise its employees. *See Houser v. Smith*, 968 S.W.2d 542, 544 (Tex. App.—

Austin 1998, no pet.) A claim of negligent hiring and supervision is based on the employer's direct negligence: an employer who negligently hires an incompetent or unfit individual may be directly liable to a third party whose injury was proximately caused by the employee's negligent or intentional act. *Verinakis v. Med. Profiles, Inc.*, 987 S.W.2d 90, 97 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (citing *Golden Spread Council, Inc. No. 562 of Boy Scouts of Am. v. Akins*, 926 S.W.2d 287, 294 (Tex. 1996). Colonial Freight challenges only those elements of Ramirez's negligent hiring cause of action related to its employee's negligence and proximate cause. We have determined that Ramirez raised a fact issue on each element; therefore, Colonial Freight is not entitled to summary judgment on this claim.

### Conclusion

Having concluded that Ramirez raised a genuine issue of material fact on each element Colonial Freight challenged in its no-evidence summary judgment motion, we further conclude that the trial court erred in granting summary judgment to Colonial Freight.

The trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.



Harvey Brown
Justice

Panel consists of Justices Keyes, Bland, and Brown.