

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00688-CV

Marissa **PETERSON**,
Appellant

v.

**HEB GROCERY CO., L.P.**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2017-CI-19610
Honorable Aaron Haas, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed: April 22, 2020

REVERSED AND REMANDED

Appellant Marissa Peterson ("Peterson") appeals the trial court's order granting traditional and no-evidence summary judgment in favor of appellee HEB Grocery Co., L.P. ("HEB"). Because we conclude the summary judgment evidence raised a genuine issue of material fact regarding an essential element of Peterson's claim, we reverse the trial court's judgment and remand this case to the trial court for proceedings consistent with this opinion.

**Background**

In September 2016, Peterson slipped and fell on a puddle of water in the toy aisle of an HEB store in San Antonio. It is undisputed that it had rained prior to Peterson's fall, and both Peterson and her companion alleged they saw water dripping from the ceiling directly above the puddle.

Peterson sued HEB for personal injury based on premises liability. HEB filed a motion for traditional and no-evidence summary judgment, which the trial court denied. HEB later filed a second motion for traditional and no-evidence summary judgment, and the trial court granted the second motion without stating its grounds. Peterson appeals the trial court's order granting the second motion for summary judgment.

**Standard of Review**

We review an order granting summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). We accept the nonmovant's evidence as true and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* at 157. Where, as here, a defendant moves for both traditional and no-evidence summary judgment and the trial court grants summary judgment without stating its grounds, we first review the trial court's decision as to the no-evidence motion for summary judgment. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

A party is entitled to no-evidence summary judgment if, "[a]fter adequate time for discovery, . . . there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(*i*). The trial court must grant a no-evidence motion for summary judgment unless the nonmovant produces evidence raising a genuine issue of material fact. *Id.* "A genuine issue of material fact exists if

more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ridgway*, 135 S.W.3d at 600.

A party moving for traditional summary judgment has the burden to show no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003) (citing TEX. R. CIV. P. 166a(c)). A defendant that conclusively negates at least one essential element of the plaintiff's claim is entitled to traditional summary judgment. *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004).

**Discussion**

As an invitee asserting a premises liability claim, Peterson bore the burden to prove: (1) HEB had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) HEB did not exercise reasonable care to reduce or eliminate the risk; and (4) HEB's failure to exercise reasonable care proximately caused Peterson's injuries. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000); *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). In a single issue on appeal, Peterson argues the trial court erred in granting summary judgment in HEB's favor because the summary judgment evidence raised a fact question regarding the existence of a roof leak.

HEB, however, "does not challenge Peterson's assertion that her own testimony raised a genuine fact question of whether a roof leak existed." Rather, HEB argues Peterson identified no evidence in the trial court that HEB had actual or constructive knowledge of the alleged dangerous condition. Peterson responds she was not required to identify evidence of actual or constructive knowledge because HEB did not challenge that element of her claim in the second summary judgment motion. Alternatively, assuming she was required to identify evidence of actual or constructive knowledge, Peterson argues she did so by referencing and relying upon the expert

report of Jason English in her second summary judgment response. Although Peterson did not attach the expert report to her response, she argues the expert report nevertheless was properly made part of the summary judgment record.

We first address whether HEB's second summary judgment motion shifted the burden to Peterson to identify evidence that HEB had actual or constructive knowledge of the alleged dangerous condition. We conclude it did. In the motion, HEB argued Peterson had no evidence of a premises liability claim because "[t]here is no evidence [HEB] knew the condition existed or should have known the condition existed." Peterson acknowledged this argument in her response, stating: "The second half of HEB's motion claims the company did not know and should not have known about the water on the floor." Therefore, because HEB alleged Peterson had no evidence of HEB's knowledge of the dangerous condition, the burden shifted to Peterson to produce more than a scintilla of evidence on that element. *See Ridgway*, 135 S.W.3d at 600.

Next, we must determine whether Peterson met that burden. Peterson's second summary judgment response states: "Peterson points to the exact same evidence [she] pointed to during the last Motion for Summary Judgment to raise a fact issue." Specifically in response to HEB's actual or constructive knowledge argument in the second motion for summary judgment, Peterson states her designated expert Jason English "determined that it would take substantially more than 20 minutes to create the puddle." Although Peterson did not attach English's report to the second summary judgment response, Peterson argues the report was properly before the trial court because it was attached to her first summary judgment response and was the subject of HEB's contemporaneous motion to strike English's testimony.

"Rule 166a(*i*) does not require a party to needlessly duplicate evidence already in the court's file, but a party must ensure the evidence is *properly* before the trial court for consideration in resolving a no-evidence summary judgment motion." *Sadler v. Tex. Farm Bureau Mut. Ins.*

*Cos.*, No. 04-12-00789-CV, 2013 WL 4736392, at *3 (Tex. App.—San Antonio Sept. 4, 2013, no pet.) (mem. op.) (emphasis in original) (citing *Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 525 (Tex. App.—San Antonio 2003, no pet.)). While "[m]ere existence in the court's file of a response to an earlier summary judgment motion is not enough," evidence already in the trial court's file may be properly made part of the summary judgment record if the nonmovant either: (1) asks the trial court to take judicial notice of the evidence, or (2) incorporates the evidence by reference in her briefs. *Id.*; *accord Ramirez v. Colonial Freight Warehouse Co. Inc.*, 434 S.W.3d 244, 252 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). "Incorporating by reference does not require 'magic language'; instead, the nonmovant simply must alert the court that previously filed documents are being relied upon and make the court aware of which ones are to be considered." *Ramirez*, 434 S.W.3d at 252 (citing *Steinkamp v. Caremark*, 3 S.W.3d 191, 194–95 (Tex. App.— El Paso 1999, pet. denied)).

We conclude that by referring in her second summary judgment response to "the exact same evidence [she] pointed to during the last Motion for Summary Judgment" and explicitly relying upon English's opinions, Peterson "alert[ed] the court" that she intended to rely upon English's expert report that was "previously filed." Because the expert report was before the trial court for consideration in resolving HEB's second motion for summary judgment, we next consider whether the expert report raises a fact question regarding whether HEB had knowledge of the alleged dangerous condition. Because Peterson concedes "there is no evidence HEB had actual knowledge of the water on the floor," we consider whether HEB had constructive knowledge.

In premises liability cases, constructive knowledge may be established with evidence of employees' proximity to, the conspicuity of, and the longevity of the dangerous condition. *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567–68 (Tex. 2006) (per curiam). Temporal evidence,

or evidence of the length of time the condition existed, "best indicates" whether the defendant had a reasonable opportunity to discover and remedy the dangerous condition. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002); *see also CMH Homes, Inc.*, 15 S.W.3d at 102–03 ("In premises cases constructive knowledge can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection."). "What constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented." *Reece*, 81 S.W.3d at 816.

HEB relies upon cases in which this court and others have held evidence that a puddle or spill appeared to have been tread upon was insufficient evidence of how long the condition existed. *E.g., Gonzalez*, 968 S.W.2d at 936–37 (holding testimony that spilled macaroni "had footprints and cart track marks in it and 'seemed like it had been there a while'" was insufficient temporal evidence); *H.E. Butt Grocery Co. v. Rivera*, No. 04-02-00882-CV, 2003 WL 23093648, at *4 (Tex. App.—San Antonio Dec. 31, 2003, pet. denied) (mem. op.) (holding "stains of shoe marks" in a puddle were no evidence of how long the puddle existed). The takeaway from those cases is that evidence equally supporting two conflicting inferences (on the one hand, that the dangerous condition existed for a long time and, on the other hand, that the dangerous condition materialized only moments before the plaintiff's injury) is no evidence of whether the condition existed long enough for the defendant reasonably to have discovered it. *See Rivera*, 2003 WL 23093648, at *4 ("The presence of footprints in the water equally supports the inference that the tracks were of recent origin as it supports the inference that they had been there a long time. Thus, this testimony too is no evidence of constructive notice.").

In contrast to those cases, however, Peterson's expert provided evidence of the length of time it would have taken for the puddle Peterson slipped on to form. Basing his opinion on the observations of Peterson's companion, who testified he saw a puddle approximately two feet or

more in diameter and water dripping from the ceiling at a rate of approximately one drip every fifteen seconds, English opined it would have taken between twenty minutes and five hours to form the puddle. At least one of our sister courts has held evidence that a "large" puddle was formed by water dripping from the ceiling, as opposed to suddenly by a spill, is some evidence it was more likely than not the water had slowly dripped long enough for the defendant reasonably to have discovered it. *Wal-Mart Stores, Inc. v. Tinsley*, 998 S.W.2d 664, 669 (Tex. App.—Texarkana 1999, pet. denied). Further, Peterson testified it had rained earlier on the day of her fall, and HEB's incident report identified the substance involved as "water" and the substance origin as "rain." This evidence, together with English's expert report, is more than a scintilla of evidence HEB had a reasonable opportunity to discover and remedy the dangerous condition between the rain event and Peterson's fall.

While we need not determine whether, under the facts and circumstances of this case, twenty minutes to five hours was long enough for HEB reasonably to have discovered the puddle, we conclude English's expert report creates a genuine issue of material fact for the factfinder. Therefore, because a fact question precluded the trial court from granting HEB's second motion for summary judgment, we sustain Peterson's sole issue on appeal.

## Conclusion

Having sustained Peterson's sole issue on appeal, we reverse the trial court's judgment and remand this case to the trial court for proceedings consistent with this opinion.

Sandee Bryan Marion, Chief Justice