# Supreme Court of Texas

No. 24-0258

The State of Texas,

*Petitioner*,

v.

Three Thousand, Seven Hundred Seventy-Four Dollars and
Twenty-Eight Cents U.S. Currency ($3,774.28); Ten Thousand,
One Hundred Seventy-Six Dollars and One Cent U.S. Currency
($10,176.01); Thirty-Three Thousand, Three Hundred Forty-Nine
Dollars and Eighty-Six Cents U.S. Currency ($33,349.86); and
Nine Thousand, Six Hundred Nineteen Dollars U.S. Currency
($9,619.00),

*Respondents*

On Petition for Review from the
Court of Appeals for the Seventh District of Texas

**Argued February 18, 2025**

JUSTICE LEHRMANN delivered the opinion of the Court.

The issue in this case is whether a trial court, in ruling on a
no-evidence motion for summary judgment, should consider previously
filed evidence that is referenced in, but not attached to, a response to
the motion. We hold that Texas Rule of Civil Procedure 166a(i) does not

require attachment of previously filed summary judgment evidence and that the response at issue here sufficiently pointed out and discussed the evidence in compliance with the procedural rules. We reverse the court of appeals' judgment and remand to the trial court for further proceedings.

## I. Background

Oljine Noguez and Manuel Zepeda Mendoza (collectively, Claimants) were investigated for their alleged involvement in an opioid trafficking operation. After concluding the investigation—and pursuant to Chapter 59 of the Texas Code of Criminal Procedure—the State seized Claimants' bank accounts and cash and commenced four civil-forfeiture actions by filing an "Original Notice of Seizure and Intended Forfeiture" for each asset. The State alleged in the notices that the funds were contraband related to the trafficking operation.[1] Attached to each of the State's notices were (1) a sworn declaration by the investigating officer, Bryan Bacon, identifying the property seized and (2) Officer Bacon's sworn affidavit summarizing facts to establish probable cause. Both statements are statutorily required; the State may not file suit until it receives the affidavits, which must be attached to the forfeiture notice. *See* TEX. CODE CRIM. PROC. arts. 59.023(a), .03(c), .04(b).

Nearly two years after the suits were filed, Claimants filed a no-evidence motion for summary judgment under Texas Rule of Civil

---

[1] Specifically, the State alleged in various paragraphs that the funds were used in, intended to be used in, or gained from the commission of a felony under Chapter 481 of the Texas Health and Safety Code and Chapter 34 of the Texas Penal Code. *See* TEX. CODE CRIM. PROC. art. 59.01(2)(B)(i), (iv).

Procedure 166a(i).[2]  The State filed a four-page response; it did not attach any exhibits.  The State first argued in its response that Claimants' motion was procedurally defective because it failed to specifically identify the elements of the civil-forfeiture claim as to which they alleged the State had no evidence.  But proceeding under the "assumption" that Claimants contended there was no evidence that the funds were used in or gained from the commission of a felony, the State asserted that "the original notice of seizure contains the affidavit of Bryan Bacon that detailed his investigation."  It then summarized portions of Officer Bacon's affidavit—beginning the summary with "In Officer Bacon's forty-four page affidavit"—referencing a police report documenting "multiple medication bottles" in Claimants' home, multiple police reports documenting undercover sales of controlled substances, documentation of packages set to be delivered to Claimants' home containing opioids, and evidence of Claimants' accepting several packages at their home.  The response also referenced an interview with Noguez in which she discussed her access to the subject bank accounts and the guilty pleas entered by Claimants for the related trafficking offenses.

Claimants filed a reply, arguing that the State did not meet its burden under Rule 166a(i) because Officer Bacon's affidavit was not attached as an exhibit to the response and because the response made only conclusory references to the affidavit.  Claimants also objected to

---

[2] The trial court considered the four cases together, and the court of appeals ordered consolidated briefing in the appeals.  We granted the State's agreed motion to consolidate the cases in this Court.

3

the statements in the affidavit on the basis that they offered no factual support for the State's position and that, to the extent the affidavit did contain factual statements, they were "wholly unsubstantiated."

According to a docket entry, the trial court considered the motion by submission and granted summary judgment for Claimants. An order granting summary judgment was filed with the district clerk but was received unsigned. The State then filed a motion for leave to file a response to Claimants' reply and attached Officer Bacon's affidavit to the accompanying response. At the hearing on the motion for leave, the trial court stated that the affidavit was "strong." But the court then stated that it could not consider the affidavit as summary judgment evidence because it understood the rules to require that the nonmovant attach its evidence to the initial response for the trial court's consideration. Accordingly, the trial court denied the State's motion for leave and finalized its order granting summary judgment to Claimants.[3] The State appealed.

---

[3] The trial court backdated the signed order to the date of the docket entry reflecting the court had granted summary judgment. However, this order stated that the trial court considered, among other things, "the affidavits . . . on file." Given the trial court's statement at the hearing on the motion for leave that it could not consider the affidavit, the State filed a motion to correct the order, requesting that the trial court remove the reference to the affidavit. The trial court did so and signed an amended order, which it did not backdate, granting Claimants' no-evidence motion. This final amended order is the order the State appealed.

In their briefs, the parties dispute whether summary judgment was granted before or after the State moved for leave to file the response with the affidavit attached. The dispute has no bearing on the issues before us; the State does not complain on appeal about the trial court's denial of the motion

4

The court of appeals affirmed. 692 S.W.3d 759, 769 (Tex. App.—Amarillo 2024). First, the court of appeals concluded that Claimants' motion for summary judgment sufficiently referenced the elements of the State's claim as to which they alleged no evidence. *Id.* at 765. The court then held that in failing to attach the affidavit to its response, the State did not meet its burden to "produce" evidence raising a fact issue because "the nonmovant must do more than passively refer to other items 'on file.'" *Id.* at 768. Finally, the court of appeals concluded that even if attachment were not required, the State failed to raise a fact issue because it did not direct the trial court to the specific portions of the affidavit on which it relied. *Id.* at 769.

The State petitioned this Court for review, which we granted.

## II. Analysis

Summary judgment "provide[s] a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine issue of fact." *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 296–97 (Tex. 2011); *see also Sartor v. Ark. Nat. Gas Corp.*, 321 U.S. 620, 627 (1944) (noting that summary judgment is appropriate "where it is quite clear what the truth is"). Texas Rule of Civil Procedure 166a governs summary judgment practice in Texas. Subsection (i) applies to no-evidence motions and provides:

> After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence

---

for leave, instead standing on the adequacy of its initial response to the no-evidence motion.

5

of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

TEX. R. CIV. P. 166a(i).

We have described a no-evidence motion as "essentially a motion for a pretrial directed verdict." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006). Filing a proper no-evidence motion puts the burden on the nonmovant—the party with the burden of proof at trial— "to present evidence raising an issue of material fact as to the elements specified in the motion." *Id.* at 582. Thus, the purpose of a no-evidence summary judgment motion, like a traditional motion for summary judgment, is to dispose of claims for which no evidence exists to establish an essential element of those claims. A trial court's decision to consider evidence—or not—on summary judgment is reviewed for an abuse of discretion. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84–85 (Tex. 2018). But "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion" because "a trial court has no 'discretion' in determining what the law is." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

The State raises multiple issues in this Court regarding the court of appeals' application of Rule 166a(i). First, the State argues that the court of appeals erred in concluding that Claimants filed a procedurally compliant motion in the first instance. Second, it complains that the court of appeals erroneously interpreted Rule 166a(i) to require the State to attach the previously filed affidavit to its response. Third, it

6

argues that the response sufficiently directed the trial court's attention to the evidence alleged to create a fact issue. Finally, the State contends that the referenced affidavit creates such a fact issue, rendering summary judgment improper.

For the reasons stated below, we agree with the court of appeals that Claimants' no-evidence motion meets the rule's requirements, but we reverse its judgment affirming the trial court's summary judgment because (1) the State was not required to attach the affidavit to its response and (2) its response sufficiently directed the trial court to the summary judgment evidence it alleged raised a fact issue. We therefore remand the case to the trial court to reconsider the no-evidence motion in light of this opinion.

## A. Sufficiency of Claimants' Motion

We begin with the State's contention that Claimants' no-evidence motion is procedurally defective and should have been denied on that basis alone. A no-evidence motion for summary judgment must "specifically state the element or elements for which there is no evidence." *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695 (Tex. 2017); TEX. R. CIV. P. 166a(i). We require "strict enforcement" of this rule; a movant may not merely "list[] each element of the plaintiff's claim and then assert[] that the plaintiff has no evidence to support 'one or more' or 'any of' those elements." *Hansen*, 525 S.W.3d at 695–96. This requirement is intended to provide the nonmovant "with adequate information for opposing the motion[] and to define the issues for the purpose of summary judgment." *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009).

7

The State argues that Claimants' motion violates this rule because the motion says that the State has no evidence of "one or more," "any," and "each" of the elements of a civil-forfeiture action. To be sure, Claimants' motion does use these terms.[4] But in the final paragraph of its argument section, the motion states:

> There is no evidence of one or more of the elements for a civil forfeiture case, on which the State has the burden of proof at trial: that the property was used in a manner as described in Paragraph VIII of Plaintiff's Original Notice of Seizure and Intended Forfeiture [alleging that the property was used or intended to be used in the commission of a felony under Health and Safety Code Chapter 481]; and, that the property is contraband as defined by Texas Code of Criminal Procedure.

This paragraph notifies the State of the elements Claimants challenge, thus meeting *Hansen*'s requirements. A no-evidence motion provides adequate notice when the motion describes the challenged elements in sufficient detail to identify them. That a motion includes the words "one or more," "any," and "each" is not in itself fatal; rather, the problem arises when that language is *all* that a movant includes. Here, Claimants' motion does what it is required to do: it describes the specific elements of the State's claim as to which Claimants allege there is no evidence.

Indeed, the State demonstrated that it had notice of the elements challenged—its response discussed the affidavit as evidence that the property was used in the commission of a felony under Health and

---

[4] For example, Claimants state in their introduction that "[t]he State has failed to provide any evidence of one or more elements for a forfeiture case, on which it has the burden of proof at trial."

Safety Code Chapter 481. As the court of appeals held, the motion "state[s] the elements as to which there is no evidence" and thus constitutes a properly filed no-evidence motion for summary judgment. Tex. R. Civ. P. 166a(i).[5]

## B. Attachment Requirement

As noted, a "properly filed no-evidence motion shifts the burden to the nonmovant to present evidence raising a genuine issue of material fact supporting each element contested in the motion." *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021). But the nonmovant "need not 'marshal' its evidence or prove up its case to defeat a no-evidence motion." *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 551–52 (Tex. 2019); *see also* Tex. R. Civ. P. 166a(i) cmt. (noting that the nonmovant "is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements"). Rather, the nonmovant "is required only to produce enough evidence—that is, more than a scintilla—to create a genuine issue of material fact as to the challenged element." *Swanson*, 590 S.W.3d at 552; Tex. R. Civ. P. 166a(i) ("The court must grant the [properly filed

---

[5] The State briefly argues that even if Claimants "adequately challenged the State's evidence relating to paragraph VIII," the motion still fails by not challenging all the State's grounds for relief. However, as discussed, Claimants challenged the State's allegation that the property was contraband as defined by the Code of Criminal Procedure. The definition of "contraband" in Article 59.01(2) applies to the State's claims for relief under both Health and Safety Code Chapter 481 and Penal Code Chapter 34. *See* Tex. Code Crim. Proc. art. 59.01(2). Accordingly, by asserting that the State produced no evidence that the property meets Article 59.01's definition of contraband, Claimants challenged all claims for relief.

9

no-evidence] motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.").  The parties dispute whether a nonmovant must attach to its response copies of evidence already in the trial court's record to "produce[] summary judgment evidence."

The court of appeals agreed with Claimants, concluding that under Rule 166a(i), "it is imperative for the nonmovant to not only respond to the [no-evidence] motion, but to *attach* the evidence which demonstrates a material fact issue" for each challenged element.  692 S.W.3d at 768 (emphasis added).  We disagree.

Like statutes, we interpret our procedural rules according to their plain meaning.  *Zorilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155 (Tex. 2015).  Rule 166a(i) requires a nonmovant to "produce" evidence, not "attach" it.  *Compare produce*, Webster's New Universal Unabridged Dictionary (1996) ("to bring forward; present to view or notice"), *with attach*, *id.* ("to fasten or affix; join; connect").  The rule's accompanying comment—which by its terms "is intended to inform the construction and application of" the rule—explains that the nonmovant "need only *point out*" the evidence that raises a fact issue.  TEX. R. CIV. P. 166a(i) cmt. (emphasis added).  To "point out" is simply "to call to others' attention."  *Point out*, Garner's Dictionary of Legal Usage (3d ed. 2011); *see also point*, Webster's New Universal Unabridged Dictionary (1996) ("to direct attention to (usually followed by *out*")).

It follows, and we hold, that a response to a no-evidence motion for summary judgment that discusses and calls the court's attention to evidence already in the court's record "points out" and thus "produces"

10

that evidence. Certainly, we encourage nonmovants to attach all relied-upon evidence as exhibits to their response, both to circumvent a preventable challenge to the response by the movant and to avoid placing any additional onus on the trial court to locate and consider that evidence. But the mere fact that evidence is not "attached" to the no-evidence response does not foreclose its consideration on summary judgment. In other words, the act of attachment does not magically convert "evidence" into "summary judgment evidence." Indeed, "Texas law greatly favors resolving litigation on the merits rather than on procedural technicalities." *Mitschke v. Borromeo*, 645 S.W.3d 251, 260 (Tex. 2022); *see also Dudley Constr., Ltd. v. Act Pipe & Supply, Inc.*, 545 S.W.3d 532, 538 (Tex. 2018) ("Whenever possible, we reject form-over-substance requirements that favor procedural machinations over reaching the merits of a case."). Holding that failure to "attach" evidence to the response necessarily results in its not being considered would, in addition to conflicting with the rule's plain language, controvert this principle.

And although we have never addressed the precise issue before us, our holding today is consistent with our precedent. For example, in *Binur v. Jacobo*, we held that Rule 166a does not prohibit a party from combining in a single summary judgment motion both a traditional motion under Subsections (a) and (b) and a no-evidence motion under Subsection (i), such that a court may not disregard the no-evidence portion of a combined motion simply because the movant attached evidence in support of its traditional motion. 135 S.W.3d 646, 650–51 (Tex. 2004). In so holding, we also explained that "if a motion brought

11

solely under Subsection (i) attaches evidence, that evidence should not be considered *unless it creates a fact question*," nor should the motion be disregarded or treated as a traditional motion. *Id.* at 651 (emphasis added). *Binur* thus indicates that the trial court *should* consider evidence creating a fact issue that the *movant* attaches to a no-evidence motion, supporting the conclusion that the *nonmovant* need not then attach that same evidence to its response. But as we discuss further below in Part III(C), because it is the nonmovant's burden to "point out" evidence, *see* TEX. R. CIV. P. 166a(i), any evidence that a movant attaches to its no-evidence motion, like any other potential evidence in the court's record, should not be considered unless the nonmovant files a response calling the court's attention to that evidence and how it creates a fact issue on a disputed element.

We also addressed the attachment issue in *Lance v. Robinson*, 543 S.W.3d 723 (Tex. 2018), which involved a traditional motion for summary judgment. We held that a movant's failure to attach previously filed evidence to a traditional motion does not result in an absence of evidence supporting the motion; that is, the evidence need not strictly be part of the "summary judgment record" to be considered. *Id.* at 732.[6] True, Rule 166a(c) does not use identical language to

---

[6] In *MSW Corpus Christi Landfill, Ltd. v. Gulley-Hurst, L.L.C.*, which involved a trial court's order granting a traditional motion for summary judgment, we noted in passing that "[t]he summary-judgment evidence supporting a party's position must be attached to the motion for summary judgment or the non-movant's response." 664 S.W.3d 102, 108 (Tex. 2023) (citing TEX. R. CIV. P. 166a(c)). That statement was dicta, as the nonmovant was not attempting to rely on evidence outside the summary judgment record

Rule 166a(i), authorizing summary judgment to be rendered when "(i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file . . . show that" no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). As we have explained, however, the language used in Rule 166a(i) leads us to the same conclusion with respect to the nonmovant's burden. Neither the rule's language nor common sense justifies treating traditional motions for summary judgment and responses to no-evidence motions for summary judgment differently for purposes of imposing a strict evidentiary "attachment" requirement. No such requirement has been imposed for either type of motion.

Finally, we note that the court of appeals' opinion on this issue appears to be an outlier. Other courts of appeals have come to the conclusion we reach today, holding that evidence need not be attached to a response to a no-evidence motion to be properly considered. *E.g.*, *Cerda v. Crossroads Mall Partners, Ltd.*, No. 04-24-00274-CV, 2025 WL 611595, at *4 (Tex. App.—San Antonio Feb. 26, 2025, no pet.) ("A party properly places summary judgment proof before the trial court by requesting judicial notice of evidence already in the record or by

---

to create a fact issue. *See id.* Further, *MSW* did not cite *Lance*, let alone purport to overrule it. We thus do not read *MSW* to speak authoritatively to the issue presented in *Lance* or in this case.

incorporating evidence in the party's motion." (citing *Steinkamp v. Caremark*, 3 S.W.3d 191, 194 (Tex. App.—El Paso 1999, pet. denied))).[7]

Tellingly, in determining that attachment is required, the court of appeals here relied in part on an opinion from the Second Court of Appeals that, properly characterized, supports the opposite conclusion. *See* 692 S.W.3d at 768 (discussing *Dyer v. Accredited Home Lenders, Inc.*, No. 02-11-00046-CV, 2012 WL 335858 (Tex. App.—Fort Worth Feb. 2, 2012, pet. denied)). In *Dyer*, the movant filed a combined traditional and no-evidence motion for summary judgment, and the nonmovant failed to file a timely response. 2012 WL 335858, at *1. The court of appeals did hold that evidence attached to the combined motion could not be used to defeat the no-evidence motion. *Id.* at *3. However, the reason was not the nonmovant's failure to attach the same evidence to its response but the nonmovant's failure to file a response at all. *Id.*[8]

---

[7] *See also, e.g.*, *Huntress v. Hickory Trail Hosp., L.P.*, No. 05-19-00892-CV, 2020 WL 2781795, at *7 (Tex. App.—Dallas May 29, 2020, pet. denied) (same); *Ramirez v. Colonial Freight Warehouse Co.*, 434 S.W.3d 244, 252 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (same).

[8] It is well settled that the nonmovant's failure to respond to a *traditional* motion for summary judgment "cannot supply by default the grounds for summary judgment or the summary judgment proof necessary to establish the movant's right" to such a judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993). But under Rule 166a(i), a trial court must grant a *no-evidence* motion for summary judgment that meets the rule's requirements in the absence of a timely response. TEX. R. CIV. P. 166a(i); *see Town of Dish v. Atmos Energy Corp.*, 519 S.W.3d 605, 608 (Tex. 2017) (holding, in the context of a combined traditional and no-evidence motion for summary judgment, that the trial court properly granted the no-evidence motion because, although the nonmovants filed a response, it "never responded to [the movant's] no-evidence point"); *Landers v. State Farm Lloyds*, 257

14

The court went on to favorably cite *Steinkamp* when it explained that by failing to file a response, the nonmovant did not "*point out* to the trial court the evidence that raises a fact issue." *Id.* (emphasis added); *see also Long v. Riedel*, ___ S.W.3d ___, 2025 WL 646631, at *3 (Tex. App.—Fort Worth 2025, no pet.) ("The nonmovant may rely on evidence attached to a movant's combined traditional and no-evidence summary judgment motion, but the nonmovant bears the burden to specifically point out to the trial court which evidence raises a fact issue on the challenged elements."). *Dyer* is thus wholly consistent with our holding today.

In sum, the court of appeals erred in concluding that the State's failure to attach Officer Bacon's affidavit to its response was fatal to its claims. A nonmovant must affirmatively "point out" evidence that raises a fact issue, but it need not attach evidence that is already in the court's record to its response. Rather, the nonmovant must include a substantive presentation of the evidence that is alleged to raise a material fact issue—regardless of whether that evidence is attached to the response. As such, the more critical inquiry is the substance of the nonmovant's response, which is the issue to which we now turn.

### C. Sufficiency of Response's Discussion of Affidavit

Notwithstanding the absence of a strict attachment requirement, "to avoid the movant's entitlement to [no-evidence] summary judgment,"

---

S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("If a nonmovant wishes to assert that, based on the evidence in the record, a fact issue exists to defeat a no-evidence motion for summary judgment, he must timely file a response to the motion raising this issue before the trial court.").

15

the nonmovant must "expressly" point out fact issues in its written response. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). Fact issues are not identified "by mere reference to summary judgment evidence." *Id.* Likewise, we have held in the traditional summary judgment context that a movant cannot meet its burden by making "a general reference to a voluminous record which does not direct the trial court and parties to the evidence on which the movant relies." *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 81 (Tex. 1989). But in *Lance*, as noted, we held that record evidence "expressly referenced and specified . . . as evidence in support of" a traditional summary judgment motion, though not attached to the motion itself, was proper summary judgment evidence. 543 S.W.3d at 732 (internal quotation marks omitted). This same principle applies to a nonmovant's effort to raise a fact issue in response to a no-evidence motion under Rule 166a(i). Evidence that is in the court's record but not attached to a no-evidence response may constitute summary judgment evidence when that evidence is "expressly referenced and specified" in the response. *See id.*

In *Steinkamp*, the court of appeals aptly explained that "magic language is not necessary" to point out the evidence on which a party relies. 3 S.W.3d at 194–95. Rather, "it is only necessary that the party makes the court aware of that particular evidence to which the party is referring." *Id.* at 195; *see also Saenz v. S. Union Gas Co.*, 999 S.W.2d 490, 494 (Tex. App.—El Paso 1999, pet. denied) ("While we do not interpret Rule 166a(i) as requiring a party to needlessly duplicate evidence already found in the court's file, a party must nevertheless

16

insure [sic] that the evidence is properly before the trial court for consideration in resolving the motion for summary judgment."). We agree with this reasoning, which is consistent with *Rogers*. So long as the nonmovant "points" the court to the substantive fact issues raised by the evidence in the court's record on which the nonmovant relies, the trial court abuses its discretion by refusing to consider that evidence.

In that respect, Claimants are correct that it is not the trial court's burden to read every document in the record from start to finish, with no guidance from the nonmovant. Certainly, "[a]bsent [such] guidance . . . , trial and appellate courts are not required to sift through a voluminous file in search of evidence to support the nonmovant's argument that a fact issue exists." *Walker v. Eubanks*, 667 S.W.3d 402, 409 (Tex. App.—Houston [1st Dist.] 2022, no pet.). But that is simply not what the trial court was asked to do here.

The State did not make a "general reference to a voluminous record." *See Rogers*, 772 S.W.2d at 81. Nor did its reference to the affidavit require the trial court "to sift through a voluminous file in search of evidence to support" its argument. *See Walker*, 667 S.W.3d at 409. The State referenced a specific affidavit (Officer Bacon's) and told the trial court exactly where to find it ("the original notice of seizure contains the affidavit"). And, as the State notes, the affidavit was one of the only pieces of evidence in the court's record at the time the State filed its summary judgment response.[9]

---

[9] Indeed, the trial court made clear at the hearing on the State's motion for leave that the basis of its refusal to consider the affidavit was not the lack of specificity but the fact that the affidavit was not attached to the response.

17

The court of appeals nevertheless faulted the State for "fail[ing] to specifically identify the parts of the [forty-four-page] affidavit constituting its evidence." 692 S.W.3d at 768. While the response certainly could have been more specific—for example, it could have provided page numbers—we cannot agree that it did no more than "mere[ly] reference" the affidavit. *See McConnell*, 858 S.W.2d at 341. Rather, it summarized the portions of the affidavit on which it relied to create a fact issue on the challenged element: that the subject funds were used in or gained from the commission of a felony.

By contrast, the entirety of the movant's traditional summary judgment motion in *McConnell* stated:

> Defendants . . . , in accordance with Rule 166a of the Texas Rules of Civil Procedure, move this Court for summary judgment in the above entitled action on the grounds that there are no genuine issues as to any material facts and that these Defendants are entitled to a judgment dismissing Plaintiff's amended complaint as a matter of law. The Defendants respectfully request this Court to enter a summary judgment based on the pleadings in file, this Brief in Support [sic], containing the undisputed facts and conclusions of law as required by the Local Rules, and transcripts, together with affidavits submitted along with this motion, or in the alternative to specify what, if any, facts remain to be determined.

858 S.W.2d at 338 n.1 (second alteration in original). Unlike the State's response here, the motion in *McConnell* was plainly insufficient, as it "merely referenced" transcripts and affidavits without discussing the evidence contained in those documents or how they established the absence of a fact issue on any particular claim. We hold that the State's

18

no-evidence response was sufficient under Rule 166a(i) to "point out" to the trial court the evidence on which it relied.[10]

## D. Effect of Affidavit's Attachment to a Pleading

Finally, Claimants argue that even if the State was not required to attach Officer Bacon's affidavit to its response, and even if the response was sufficient to direct the trial court's attention to the affidavit, the affidavit is not competent summary judgment evidence because it is part of the State's pleadings. This, however, is an overly broad interpretation of our precedent.

A movant may not rely on its own pleadings to support its summary judgment motion, and a nonmovant may not rely on its own pleadings to oppose a summary judgment motion. *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 819 (Tex. 2021). But we have never held that *evidence attached* to a party's pleadings cannot be considered on summary judgment merely because that evidence was initially filed as an attachment to those pleadings, and we see no rational basis to do so. The fact that evidence is in the record by virtue of being attached to a pleading does not render it incompetent as summary judgment evidence, in the same way that Claimants' reference

---

[10] Again, the sufficiency of a response's discussion of the evidence will depend on the circumstances. Had the trial court's record been more voluminous, or had the response provided no guidance about where to locate the affidavit in a voluminous record, or had the response merely referenced the forty-four-page affidavit without even summarizing the portions on which it relied, the result might be different. We need not address such hypotheticals to conclude that the response here sufficiently pointed out the relied-upon evidence.

19

to "any" and "each" element in their no-evidence motion did not render the motion defective. We therefore hold that the trial court abused its discretion by refusing to consider Officer Bacon's affidavit as evidence in ruling on Claimants' no-evidence motion for summary judgment.

## III. Conclusion

The Texas Rules of Civil Procedure exist to "obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." TEX. R. CIV. P. 1. And summary judgment serves the important function of terminating a case when no genuine issues of material fact exist. In accordance with those principles and Rule 166a(i)'s plain language, we hold that when a nonmovant timely files a response to a no-evidence motion for summary judgment that does not attach any evidence but directs the trial court and the parties to previously filed evidence on which the nonmovant relies, the trial court abuses its discretion by refusing to consider that evidence. Here, the State timely filed a response to Claimants' no-evidence motion and directed the trial court and Claimants to the evidence on which the State relied. The trial court therefore erred in granting Claimants' motion without considering Officer Bacon's affidavit. We reverse the court of appeals' judgment, vacate the trial court's order granting Claimants' motion, and remand the case to the trial court to reconsider the motion in light of this opinion. We express

no opinion on Claimants' objections to the substance of the affidavit or its effect on the merits of the motion.

                                              Debra H. Lehrmann
                                              Justice

**OPINION DELIVERED:** May 16, 2025