Affirm and Opinion filed November 14, 2002












Affirmed and Opinion filed November 14, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-01134-CR

____________

 

CHRISTOPHER NEAL KINGERY,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 180th District Court

Harris County, Texas

Trial
Court Cause No. 855,577

 



 

O
P I N I O N

Appellant,
Christopher Neal Kingery, was convicted by a jury of
sexual assault of a child and sentenced to 30 years=
imprisonment.  In one point of error, appellant
claims the trial court erred in not granting his motion for mistrial.

Appellant
lived with complainant, her mother, and her sisters in 2000.  At the time, appellant was thirty-six years
old and complainant was fifteen years old. 
Appellant sexually assaulted the complainant resulting in a
pregnancy.  Fetal tissue was DNA tested
and showed that complainant had been pregnant with appellant=s
child.








During
trial, two state witnesses indicated that appellant had a prior criminal history.  The first exchange, with complainant=s
grandmother, Donnie Hintz, was as follows:

PROSECUTOR:
Okay.  Did you, during this time prior to
finding out it was the defendant and at the time that you found out it was the
defendant, did you ever pressure [complainant] at all or badger her at all into
saying that it was the defendant?

WITNESS:
Absolutely not.  Do you want my
reactions, what I said to [complainant]?

PROSECUTOR: Sure.

WITNESS:
Okay.  I just B
I, you know, I told her that, in fact, that this man had been in prison, that,
you know, all things happen B 

Defense
counsel objected and moved for a mistrial. 
The court denied the motion, but instructed the jury to disregard the
statement of the witness.  The second
exchange occurred with Officer James Fitzgerald of the Harris County Sheriff=s
Department.

PROSECUTOR:
Okay.  What did you do in serving that
search warrant?

WITNESS: I made
arrangements with the jail because the defendant was in jail at the time on a
M.R.P.

Defense
counsel again objected and moved for a mistrial.  The trial court ordered the jury to disregard
the statement and denied the motion. 
Appellant argues the testimony by the witnesses was highly prejudicial
and as such the trial court erred in denying the motion for mistrial.  We disagree with this contention and affirm.








Typically,
any harm caused from an improper question and answer is cured by an instruction
to disregard.  Ovalle v. State, 13
S.W.3d 774, 783 (Tex. Crim. App.
2000).  In contrast, a mistrial is required only when
the improper evidence is Aclearly calculated to inflame the minds of the jury and is of
such a character as to suggest the impossibility of withdrawing the impression
produced on the minds of the jury.@  Hinojosa
v. State, 4 S.W.3d 240, 253 (Tex. Crim. App.
1999).  The jury is presumed to
follow the trial court=s instruction to disregard improperly admitted evidence.  Id. 
We review the denial of a motion for mistrial under an
abuse-of-discretion standard.  Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim.
App. 1999).  Generally, a trial
court does not abuse its discretion unless its decision falls outside the zone
of reasonable disagreement.  Santellan
v. State, 939 S.W.2d 155, 169 (Tex. Crim. App.
1997). 

Defense
counsel objected to statements by two different witnesses indicating that the
appellant had a prior criminal history. 
The trial court chose to resolve this issue by instructing the jury to
disregard the statements.  This
instruction cures any error unless it was clearly calculated to inflame the
jury.  The testimony was not of such a
character as to suggest that it could not have been corrected with a curative
instruction.  Although a prior criminal
record may be prejudicial, it is not so inflammatory as to undermine the trial
court=s
instruction to disregard. Gardner v. State, 730 S.W.2d 675 (Tex. Crim. App.
1987). Furthermore, there is no
indication in either the questions or answers that the witnesses or prosecutor
sought to inflame the jury with information regarding appellant=s
prior criminal history.  We find the
trial court=s instruction to disregard cured any possible prejudicial
effect of the testimony.  We overrule
appellant=s sole point of error.

In
addition to the brief filed by appellant=s counsel, appellant has also submitted a pro se brief.  There is no provision in Texas for hybrid
representation whereby both the appellant and his attorney may file separate
briefs.  Rudd v. State, 616 S.W.2d
623, 625 (Tex. Crim. App. 1981); Normand
v. State, 686 S.W.2d 275 (Tex. App.CHouston [14th Dist.] 1985, pet ref=d).  Therefore, appellant=s
pro se brief presents nothing for review. 
We also decline to consider appellant=s supplemental points of error as he failed to secure leave of
court to file them.  See Tex. R. App. P. 38.7; Poole v. Mo.
Pac. R.R. Co., 638 S.W.2d 10, 13 (Tex. App.CHouston [1st Dist.] 1982, writ ref=d n.r.e.) (citing
Tex. R. Civ. P. 431 (repealed
Dec. 5, 1983)).

 








 

The
trial court=s judgment is affirmed.

 

/s/            Leslie
Brock Yates

Justice

 

 

 

Judgment rendered and Opinion filed
November 14, 2002.

Panel consists of Justices Yates,
Anderson, and Frost.

Do Not Publish C
Tex. R. App. P. 47.3(b).