**Adolfo J. CARRERA and Esperanza Gaytan, Individually and on Behalf of the Estate of Adolfo Carrera, Deceased, Appellants**

**v.**

**Alice YAÑEZ, Appellee**

**No. 04-15-00336-CV**

Court of Appeals of Texas, San Antonio.

Delivered and Filed: March 30, 2016

Mark Acuna, San Antonio, TX, for Appellant.

William N. Allan, IV, Jacob Wittig, Allan, Nava, & Glander, PLLC, San Antonio, TX, for Appellee.

## OPINION

Opinion by: Patricia O. Alvarez, Justice

Appellants Adolfo J. Carrera and Esperanza Gaytan, individually and on behalf of the Estate of Adolfo Carrera, deceased, appeal the trial court's order granting a traditional and no evidence motion for summary judgment filed by appellee Alice Yañez. We affirm the trial court's order.

### BACKGROUND

Adolfo Carrera died after the motorcycle he was driving collided with the rear of a car being driven by Yañez. The collision threw Carrera off his motorcycle, and he was run over by another motorist. The appellants filed a wrongful death and survival action alleging Yañez was liable under negligence and negligence per se theories.

Yañez filed a no evidence and traditional motion for summary judgment asserting multiple grounds upon which summary judgment should be granted. The appellants filed a response to Yañez's motion, and Yañez filed a reply to the appellants'

response. The primary summary judgment evidence attached to Yañez's motion and the appellants' response included (1) Yañez's deposition; (2) the deposition of a witness, Michele Power, who was driving another car which also was involved in the accident; and (3) the investigating officer's crash report.

In Yañez's deposition, she testified she was driving her car on a multi-lane highway when she noticed steam coming out from under the hood of her car. She changed one lane in an effort to exit, but traffic prevented her from reaching the right-most lane. Her car started to slow, but she was not sure if it was due to the mechanical problem or because she took her foot off the accelerator pedal. She was struck from behind by Carrera.

In Power's deposition, she stated she noticed Carrera on his motorcycle while he was traveling behind her. She also noticed Yañez's stalled vehicle and that Carrera changed to the lane in which Yañez's car was either slowly moving or stopped. Power estimated Yañez was traveling between zero and five miles per hour. As Carrera approached to pass Power, Power saw Carrera looking down at some sort of dark device on his lap which could have been a cell phone or some other device. Power estimated Carrera was looking down between three and five seconds. Power stated Carrera's right hand was on the handlebars, but his left hand was on the device in his lap. Power did not believe Carrera ever saw Yañez's car until he ran into her.

The investigating officer's crash report states Carrera's driver inattention was a contributing factor to the crash, and Carrera's use of a cell or mobile phone may have been a contributing factor. The report also lists the code "98" as a contributing factor for Yañez's involvement. The code stands for "other explain in narra-tive." In the narrative, the officer wrote the following:

> Unit 1 (Yañez's car) was traveling north in the number 4 lane when she began having vehicle programs which caused her vehicle to shut off and lose speed. Unit 4 (Carrera's motorcycle) was not paying attention and struck the rear of Unit 1. After striking Unit 1, Unit 4 veered into the number 5 lane and struck Unit 2 (Power's car). Unit 3 who was traveling behind Unit 2 was unable to avoid the driver of Unit 4 who was thrown from his motorcycle and ran him over.

After a hearing, the trial court granted Yañez's motion.

### STANDARD OF REVIEW

■ We review a trial court's granting of a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005). To prevail on a traditional motion for summary judgment, the movant must show "there is no genuine issue as to any material fact and the [movant] is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *see also Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex.2005).

■ A no-evidence summary judgment is essentially a directed verdict granted before trial, to which we apply a legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex.2003). "A no-evidence motion for summary judgment must be granted if, after an adequate time for discovery, the moving party asserts that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial and the nonmovant fails to produce more than a scintilla of summary judgment evidence raising a genuine issue of materi-

al· fact on those elements." *Medistar Corp. v. Schmidt*, 267 S.W.3d 150, 157 (Tex.App.–San Antonio 2008, pet. denied); *see also King Ranch, Inc.*, 118 S.W.3d at 751 ("More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.") (internal quotation marks omitted); Tex. R. Civ. P. 166 a(i).

 In reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the non-movant's favor. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex.2004). If a trial court grants a motion for summary judgment that includes both traditional and no evidence grounds, we evaluate the no evidence grounds first. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). If the nonmovant fails to meet its no evidence burden on any given claim, we need not analyze whether the movant satisfied its burden under the traditional motion. *Id.*

### CAUSATION

In both her traditional and no evidence motions, Yañez challenged the causation element of the appellants' claims. In their first and second issues, the appellants assert they presented more than a scintilla of evidence to raise a fact issue as to the causation element.

### A. General Law on Proximate Cause

 A negligence cause of action has three elements: (1) a legal duty, (2) breach of that duty, and (3) damages proximately caused by the breach. *See Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex.1998); *Ramirez v. Colonial Freight Warehouse Co.*, 434 S.W.3d 244, 249 (Tex.App.–Houston [1st Dist.] 2014, pet. denied). Negli-

gence per se is a tort concept where a plaintiff establishes a breach of a legal duty based on the violation of a statute that was designed to prevent an injury to that class of persons to which the plaintiff belongs. *Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274, 278 (Tex. 1979); *Johnson v. Enriquez*, 460 S.W.3d 669, 673 (Tex.App.–El Paso 2015, no pet.). A negligence per se theory requires a showing of proximate cause just like an ordinary negligence theory. *Mo. Pac. R.R. Co. v. Am. Statesmen*, 552 S.W.2d 99, 103 (Tex.1977); *Gray v. Woodville Health Care Ctr.*, 225 S.W.3d 613, 617 (Tex.App.–El Paso 2006, pet. denied).

 Proximate cause consists of two elements: cause in fact and foreseeability. *HMC Hotel Props. II Ltd. P'ship v. Keystone–Tex. Prop. Holding Corp.*, 439 S.W.3d 910, 913 (Tex.2014). Foreseeability "requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission." *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex.1995). Foreseeability "cannot be established by mere conjecture, guess, or speculation." *HMC Hotel Props. II Ltd. P'ship*, 439 S.W.3d at 913. Instead, "[t]he question of foreseeability ... involves a practical inquiry based on common experience applied to human conduct." *Doe*, 907 S.W.2d at 478 (internal quotation marks omitted).

### B. *Williams v. Steves Industries, Inc.*

In evaluating the proximate cause element of the appellants' claims, the Texas Supreme Court's decision in *Williams v. Steves Industries, Inc.* is instructive. 699 S.W.2d 570 (Tex.1985), *superseded by statute on other grounds as recognized by Transp. Ins. Co. v. Moriel*, 879 S.W.3d 10 (Tex.1994). In that case, Renee McCracken Williams's car stalled after it ran out of gas on a highway. *Williams*, 699 S.W.2d

at 571. A truck driven by an employee of Steves Industries, Inc. struck Williams's car from behind. *Id.* Williams was injured and her two children were killed. *Id.* Williams sued Steves Industries for personal injuries and also brought wrongful death and survival claims on behalf of her two children. *Id.* The jury found Steves Industries and Williams were negligent and found Williams's negligence "contributed twenty-five percent to the collision." *Id.* at 575.

On appeal, Williams challenged the jury's finding that her failure to have sufficient gasoline in her car was a proximate cause of the accident. *Id.* Addressing the element of foreseeability, the Texas Supreme Court noted the jury found Williams knew or should have known that she did not have sufficient gas for her trip. *Id.* Based on this finding, the court held "[t]he jury could reasonably conclude that a person of ordinary intelligence would anticipate that if his car ran out of gas it might stall on the highway and that a stalled car on a heavily traveled section of an interstate highway could create a danger of another vehicle colliding with it." *Id.* at 575–76.

## C. Analysis

Applying the analysis in *Williams*, we conclude that in order to meet their burden of producing more than a scintilla of evidence on the causation element of foreseeability in the instant case, the appellants were required to present evidence that Yañez knew or should have known her car would overheat and stall. The appellants appear to believe this court should infer such knowledge from the evidence establishing Yañez's car was a 1999 model year with 180,000 miles.

Although we are required to draw all reasonable inferences in the appellants' favor, *see Joe*, 145 S.W.3d at 157, we disagree that the model year and number of miles on Yañez's car supports a reasonable inference that she knew or should have known her car would overheat. In her deposition, Yañez testified she had her car serviced every 3,000 miles. Yañez also testified her car had never previously overheated, and appellants did not introduce any evidence to controvert her testimony. The appellants also did not introduce any evidence of any inspection performed by an expert on the car after the accident that might provide evidence of what Yañez knew or should have known. Therefore, the trial court properly granted Yañez's no evidence motion for summary judgment because the appellants failed to produce more than a scintilla of evidence on the proximate cause element of their negligence and negligence per se claims.

Because the appellants failed to meet their no evidence burden on their negligence and negligence per se claims, we need not analyze whether Yañez satisfied her burden under the traditional motion. *Merriman*, 407 S.W.3d at 248. Accordingly, the appellants' first and second issues are overruled.

### WRONGFUL DEATH AND SURVIVAL

In their third issue, the appellants contend the trial court erred in granting summary judgment on their wrongful death and survival claims because Yañez did not move for summary judgment on those claims.

"Under both the wrongful death and survival statutes, the claimant must prove a death and the occurrence of a wrongful act." *Davis v. Bills*, 444 S.W.3d 752, 757 (Tex.App.–El Paso 2014, no pet.); *see also THI of Tex. at Lubbock I, LLC v. Perea*, 329 S.W.3d 548, 568 (Tex.App.–Amarillo 2010, pet. denied) (same). In this case, the wrongful acts alleged by the appellants were negligence and negligence

per se. *See Davis*, 444 S.W.3d at 757 (noting negligence may be the alleged wrongful act); *THI of Tex. at Lubbock I, LLC*, 329 S.W.3d at 568 (*same*), *McCullough v. Godwin*, 214 S.W.3d 793, 805 (Tex.App.–Tyler 2007, no pet.) (noting facts underlying "wrongful act" element of wrongful death and survival claims were grounded in negligence); *see also Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901, 909 (Tex.App.–Houston [14th Dist.] 2009, no pet.) (noting survival action does not create a new cause of action but only permits the decedent's cause of action to survive the decedent's death). Yañez recognized this in her motion, asserting the appellants "brought a wrongful death and survival suit alleging negligence and negligence per se causes of action." In the conclusion to her no evidence motion, Yañez further asserts, "Plaintiffs have provided no evidence to sustain their burden of proof that Defendant was negligent or negligent per se. Thus, Defendant is entitled to summary judgment as a matter of law with respect to all of Plaintiffs' claims." We conclude that in granting summary judgment on the appellants' negligence and negligence per se claims, the trial court necessarily also granted summary judgment on the wrongful death and survival claims because Yañez's alleged negligence and negligence per se constituted the wrongful acts the appellants alleged in their wrongful death and survival claims.

### CONCLUSION

The trial court's judgment is affirmed.