

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00201-CV

Francisco Javier **GARZA**, Jr.,
Appellant

v.

Fred Andrew **PULLEN** and America Midwest Transportation LLC,
Appellees

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 18-12-17880-CV
Honorable Richard C. Terrell, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Luz Elena D. Chapa, Justice
                Beth Watkins, Justice

Delivered and Filed: July 20, 2022

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

Francisco Javier Garza, Jr. appeals an order granting summary judgment in favor of Fred

Andrew Pullen and American Midwest Transportation LLC on Garza's personal injury suit. We

affirm in part and reverse and remand in part.

### BACKGROUND

This case arises out of an automobile accident that occurred on December 15, 2017 on US

Highway 281. Garza alleges that Pullen, while in the course and scope of his employment with

America Midwest Transportation, LLC ("American Midwest"), parked a company tractor-trailer

on the outside shoulder of the southbound lane of the highway. Garza was traveling southbound on the outside lane, north of Pullen's vehicle. Garza alleges that he lost control of his vehicle and struck Pullen's parked trailer.

In December 2018, Garza filed negligence and gross negligence causes of action against Pullen and his employer, America Midwest. Garza alleged that Pullen's negligence in parking the trailer on the side of the highway without any warning to ongoing traffic caused Garza to strike Pullen's trailer and sustain serious injuries. Garza also alleged that Pullen was grossly negligent because his actions involved an extreme degree of risk which he had subjective awareness of and consciously disregarded. Garza asserted American Midwest was negligent and grossly negligent under the theory of *respondeat superior*.

In April 2020, Pullen and American Midwest ("appellees") filed a motion for summary judgment, arguing they are entitled to summary judgment on Garza's negligence claim because Garza provided no evidence that Pullen proximately caused the accident. They further argued they are entitled to summary judgment on Garza's gross negligence claim because Garza is unable to prove each element required to establish gross negligence. Garza responded that appellees did not meet their summary judgment burden because they did not submit sufficient evidence to establish that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law on Garza's claims. In August 2020, Garza filed a first amended petition, adding a premises liability cause of action and alleging that appellees created a dangerous condition and did not take any action to prevent the incident or give any warning to avoid the negligently parked vehicle. In September 2020, the trial court granted appellees' motion for summary judgment on Garza's negligence and gross negligence causes of action.

In February 2021, appellees filed a no-evidence motion for summary judgment on Garza's premises liability claim, asserting that Garza provided no evidence to support any of the elements

of his premises liability cause of action. Garza filed a response with supporting evidence, contending there was more than a scintilla of evidence to support every element of his premises liability claim. In April 2021, the trial court granted appellees' no-evidence motion for summary judgment and entered a final judgment ordering that Garza take nothing from appellees. Garza appealed.

**NEGLIGENCE AND GROSS NEGLIGENCE**

As a preliminary matter, appellees' motion for summary judgment on Garza's negligence and gross negligence claims sets out the standard for obtaining a traditional summary judgment, but in substance, appellees argued there was no evidence of causation to support Garza's negligence and gross negligence claims against them. We must determine whether appellees' motion for traditional summary judgment is in substance a traditional or no-evidence motion so that we may review it under the proper standard. *See Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 375 (Tex. App.—Dallas 2009, pet. denied).

A court should determine the standard of proof on a summary judgment motion after considering the substance of the motion, rather than categorizing the motion strictly by its form or title. *Id.* Summary judgment is proper under a traditional motion when the movant establishes there is no genuine issue of material fact and she is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Tex. Integrated Conveyor Sys., Inc.*, 300 S.W.3d at 375. A no-evidence summary judgment is proper if the nonmovant fails to bring forward more than a scintilla of probative evidence that raises a genuine issue of material fact as to an essential element of the plaintiff's cause of action for which the defendant contends no evidence exists. TEX. R. CIV. P. 166a(i).

In their motion for "traditional" summary judgment, appellees argue they should be granted summary judgment on Garza's negligence claim because Garza "has provided no evidence that

[Pullen] proximately caused the accident" and because Garza is "unable to prove each element required to establish gross negligence." We conclude appellees' motion for traditional summary judgment was, in substance, a motion for no-evidence summary judgment and will review the motion under the standards that apply to a no-evidence motion. *See Tex. Integrated Conveyor Sys., Inc.*, 300 S.W.3d at 375.

### A. Standard for Reviewing No-Evidence Summary Judgment

We review a trial court's granting of a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A no-evidence summary judgment is essentially a directed verdict granted before trial, to which we apply a legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). "A no evidence motion for summary judgment must be granted if, after an adequate time for discovery, the moving party asserts that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial and the nonmovant fails to produce more than a scintilla of summary judgment evidence raising a genuine issue of material fact on those elements." *Medistar Corp. v. Schmidt*, 267 S.W.3d 150, 157 (Tex. App.–San Antonio 2008, pet. denied); *see also* TEX. R. CIV. P. 166a(i). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch, Inc.*, 118 S.W.3d at 751 (citation omitted). "More than a scintilla of evidence exists when the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Id.* (citation omitted). When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the non-movant, indulging in every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam). To defeat a no-evidence motion for summary judgment, the nonmovant is not required to marshal its proof; its response need only point out evidence that

raises a fact issue on the challenged elements. *Ramirez v. Colonial Freight Warehouse Co.*, 434 S.W.3d 244, 249 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

### B. Negligence

Appellees' motion focused on the proximate cause element of Garza's negligence claim. In response, Garza attached evidence including: deposition testimony from himself, Pullen, the trooper who investigated the accident, and America Midwest's corporative representative; the police report from the incident; pleadings; an affidavit from Garza's counsel; and a medical record. Garza argued this evidence raised an issue of material fact on causation.

A negligence cause of action has three elements: (1) a legal duty, (2) breach of that duty, and (3) damages proximately caused by the breach. *See Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998); *Carrera v. Yañez*, 491 S.W.3d 90, 94 (Tex. App.—San Antonio 2016, no pet.). A person owes another the duty to act as a reasonably prudent person would act under the same or similar circumstances regarding a reasonably foreseeable risk. *Colvin v. Red Steel Co.*, 682 S.W.2d 243, 245 (Tex. 1984). Proximate cause consists of two elements: cause in fact and foreseeability. *HMC Hotel Props. II Ltd. P'ship v. Keystone–Tex. Prop. Holding Corp.*, 439 S.W.3d 910, 913 (Tex. 2014); *Carrera*, 491 S.W.3d at 94. Cause in fact is established when the act or omission was a substantial factor in bringing about the injuries, and without it, the harm would not have occurred. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004). Cause in fact is not established when the defendant's negligence does no more than furnish a condition which makes the injuries possible. *Id.* Any act of negligence that does no more than put a person in a particular place at a particular time is too remote to constitute legal cause. *Roberts v. Healey*, 991 S.W.2d 873, 878–79 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). The second prong of causation—foreseeability—"requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission." *Doe v.*

*Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995); *Carrera*, 491 S.W.3d at 94.

There can be more than one proximate cause of an injury, and all persons whose negligent conduct contributed to the injury are responsible for it. *Boyattia v. Hinojosa*, 18 S.W.3d 729, 735 (Tex. App.—Dallas 2000, pet. denied).

> Under the Federal Motor Carrier Safety Regulations (FMCSR):
>
> Whenever a commercial motor vehicle is stopped upon the traveled portion of a highway or the shoulder of a highway for any cause other than necessary traffic stops, the driver of the stopped commercial motor vehicle shall immediately activate the vehicular hazard warning signal flashers and continue the flashing until the driver places the warning devices required by paragraph (b) of this section.[1] The flashing signals shall be used during the time the warning devices are picked up for storage before movement of the commercial motor vehicle. The flashing lights may be used at other times while a commercial motor vehicle is stopped in addition to, but not in lieu of, the warning devices required by paragraph (b) of this section.

49 C.F.R. § 392.22(a). In addition, "whenever a commercial motor vehicle is stopped upon the traveled portion or the shoulder of a highway for any cause other than necessary traffic stops, the driver shall, as soon as possible, but in any event within 10 minutes, place . . . warning devices required by § 393.95 of this subchapter" in a specific manner. *Id.* § 392.22(b).

In appellees' motion, they contend that Garza caused the accident on his own and lost control over his vehicle because he was speeding and fell asleep prior to the accident. Garza disputed this contention in his response by attaching deposition testimony where he testified that he did not fall asleep prior to the accident and that was not what caused him to lose control of the vehicle. Garza also testified that he believed Pullen was at fault for the accident because he did not place any type of warning devices around his commercial vehicle, even though the vehicle was stopped on the shoulder of the highway. *See id.* Deposition testimony from both Garza and Pullen

---

[1] 49 C.F.R. section 392.22(b), which references 49 C.F.R. section 393.95, generally requires reflective triangles, fusees, or flares as warning devices.

stated that Pullen did not have his vehicular hazard warning signal flashers on. *See id.* § 392.22(a). America Midwest's corporate representative testified that he was not sure if the accident would have occurred had Pullen placed warning devices as soon as he pulled over on the side of the road. This is more than a scintilla of evidence that raises a fact issue on whether Pullen's failure to turn on his flashers or place warning devices around his vehicle was a substantial factor in bringing about Garza's injuries. *See Boyattia*, 18 S.W.3d at 735 (appellee not entitled to no-evidence summary judgment on the ground of lack of evidence of proximate cause because there was more than a scintilla of evidence to show that the manner in which appellee chose to park his car was a substantial factor in bringing about appellant's injuries). Furthermore, we conclude appellees produced more than a scintilla of evidence to show that a person of ordinary intelligence should have anticipated the danger created by Pullen's failure to turn on his flashers or place warning devices around his vehicle when parked on the shoulder of the highway. *See id.*

Viewing this evidence in the light most favorable to the nonmovant, reasonable and fair-minded people could differ in their conclusions about whether Pullen's failure to turn on his flashers or place warning devices around his vehicle proximately caused Garza's injuries. *See City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005) (evidence is to be viewed in light most favorable to nonmovant); *cf. Morales v. Craig*, No. 03-99-00553-CV, 2001 WL 617187, at *6 (Tex. App.—Austin June 7, 2001, no pet.) (not designated for publication) (holding appellee failed to negate proximate causation element even though he presented evidence to negate the element, because appellants presented controverting evidence as to the cause in fact of the collision).

On the summary judgment record before us, appellees are not entitled to a no-evidence summary judgment on the element of proximate cause.

### C. Gross Negligence

Appellees also argue they are entitled to summary judgment on Garza's gross negligence claim because Garza has presented no evidence that Pullen had actual, subjective awareness of an extreme degree of risk when he parked the vehicle on the shoulder of the highway.

Gross negligence requires a showing that (1) viewed objectively from the actor's standpoint, the act or omission complained of involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceeds in conscious indifference to the rights, safety, or welfare of others. TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(11)(A), (B); *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014) (per curiam). Under the first, objective element, an extreme risk is "not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998); *accord Lerma v. Pipe Movers, Inc.*, No. 04-16-00739-CV, 2018 WL 1402043, at *6 (Tex. App.—San Antonio Mar. 21, 2018, no pet.). Under the subjective element, "actual awareness means that the defendant knew about the peril, but its acts or omissions demonstrated that it did not care." *Mobil Oil Corp.*, 968 S.W.2d at 921. "Evidence of simple negligence is not enough to prove either the objective or subjective elements of gross negligence." *Id.*

In his original petition, Garza contended Pullen was grossly negligent because his acts or omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. In his response to appellees' motion for summary judgment, Garza argues that Pullen's failure to put out warning devices created an extreme risk of causing serious injury and harm to others. Garza attached deposition excerpts from Pullen where he testified that he did not put warning devices around his vehicle because he was not parked for long enough and he

believed that he did not need to turn on any type of emergency signals unless he was parked on the shoulder for over ten minutes. When Pullen was asked whether it would have been safer if warning devices had been placed around his vehicle, he stated his response depended on the amount of time that he was going to be parked on the shoulder. Garza argues that Pullen's inability to correctly remember the rule under the FMCSR constitutes some evidence of gross negligence. *See* 49 C.F.R. § 392.22.

On the record before us, there is no evidence that, viewed objectively from Pullen's standpoint, his failure to put warning devices around his vehicle after pulling over on the side of the highway involved an extreme degree of risk of which Pullen possessed actual awareness but nevertheless proceeded to do so in conscious disregard to the rights, safety, and welfare of others. *See Suarez v. City of Texas City*, 465 S.W.3d 623, 637 (Tex. 2015) (discussing that gross negligence requires knowledge of the particular risk alleged). Even if Pullen failed to follow section 392.22 of the FMCSR by failing to put warning devices around his vehicle on the shoulder of the highway, Garza produced no evidence that Pullen was aware that he was required to do so. *See id.*; *see also* 49 C.F.R. § 392.22. Pullen testified that he believed he only had to put out warning devices if he was parked on the shoulder for more than ten minutes, and stated that the vehicle was not there for that long when Garza collided into it. *See Manzano-Hernandez v. Jones Bros. Dirt & Paving Contractors, Inc.*, No. 11-18-00003-CV, 2019 WL 3227913, at *6 (Tex. App.—Eastland July 18, 2019, pet. denied) (mem. op.) (summary judgment on gross negligence was properly granted when appellants produced no evidence that actor was aware of the Traffic Control Plan and chose to disregard it); *see also Graham v. Adesa Tex., Inc.*, 145 S.W.3d 769, 774 (Tex. App.—Dallas 2004, pet. denied) (affirming trial court's summary judgment in favor of defendants on gross negligence because there was no evidence to support an inference that defendants "made any conscious choices that demonstrate they did not care about the consequences of a risk of serious

injury"). While Garza's summary judgment evidence may have raised a fact issue as to Pullen's *ordinary* negligence, Garza failed to produce some evidence of Pullen's alleged *gross* negligence. *See Manzano-Hernandez*, 2019 WL 3227913, at \*6; *see also Mobil Oil Corp.*, 968 S.W.2d at 921.

When we view the evidence in the light most favorable to Garza, there is no evidence that Pullen had an actual, subjective awareness of an extreme risk but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Because Garza's evidence does not raise a genuine issue of material fact concerning the mental state required to prove gross negligence, the trial court did not err when it granted appellees' motion for summary judgment as to Garza's gross negligence claim. *See Manzano-Hernandez*, 2019 WL 3227913, at \*6.[2]

## PREMISES LIABILITY

Separate from their motion for summary judgment on Garza's negligence and gross negligence claims, appellees also filed a no-evidence motion for summary judgment on Garza's premises liability claim, which the trial court granted. In his final issue on appeal, Garza argues the trial court erred in granting this motion for summary judgment.

Although premises liability is a form of negligence, "[n]egligence and premises liability claims . . . are separate and distinct theories of recovery, requiring plaintiffs to prove different, albeit similar, elements to secure judgment in their favor." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017). The threshold question in a premises liability case, as with any

---

[2] Garza relies on *Olin Corp. v. Dyson*, 678 S.W.2d 650, 658 (Tex. App.—Houston [14th Dist.] 1984), *rev'd*, 692 S.W.2d 456 (Tex. 1985) and *Poole v. Mo. Pac. R.R. Co.*, 638 S.W.2d 10, 11 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.) to support his argument that Pullen's failure to put warning devices around the vehicle constitutes some evidence of an extreme degree of risk to support his gross negligence claim. These cases, however, are inapposite because they both involve situations where the actor's acts or omissions obstructed traffic. *See Dyson*, 678 S.W.2d at 658 ("Cherrypicker" obstructed traffic lane, requiring a car driving in the lane to cross into the opposing lane of traffic to safely pass the cherrypicker and "it was a practice of the appellant for several years to park the 'cherrypickers' so that they would obstruct traffic lanes"); *Poole*, 638 S.W.2d at 11 (cement tank constituted a definite obstruction to driver's vision on the date the accident occurred). Here, Pullen's vehicle was on the shoulder of the highway and not in the lane, and there is no evidence that the vehicle constituted an obstruction to Garza or any other driver's vision.

cause of action based on negligence, is the existence of and violation of a duty. *Chappell v. Allen*, 414 S.W.3d 316, 323 (Tex. App.—El Paso 2013, no pet.). In a premises liability action, the duty owed by a premises owner is determined by the status of the complaining party at the time and place of injury. *Scott & White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 412 (Tex. 2010).

As a rule, to prevail on a premises liability claim, a plaintiff must prove that the defendant possessed—that is, owned, occupied, or controlled—the premises where injury occurred. *Wilson v. Tex. Parks & Wildlife Dep't*, 8 S.W.3d 634, 635 (Tex. 1999) (per curiam). However, a premises liability defendant may be held liable for a dangerous condition on the property if it "assum[ed] control over and responsibility for the premises," even if it did not own or physically occupy the property. *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002) (citation omitted). The relevant inquiry is whether the defendant assumed sufficient control over the part of the premises that presented the alleged danger so that the defendant had the responsibility to remedy it. *Id.* Control over the dangerous condition, absent control of the property where the dangerous condition exists, will not suffice to establish that a claim sounds in premises liability rather than general negligence. *See Arredondo v. Techserv Consulting & Training, Ltd.*, 567 S.W.3d 383, 393 (Tex. App.—San Antonio 2018), *rev'd in part on other grounds sub nom. AEP Tex. Cent. Co. v. Arredondo*, 612 S.W.3d 289 (Tex. 2020).

In appellees' motion, they argue Garza did not present any evidence that either of them was an owner or occupier of US Highway 281, its improved shoulder, or the adjacent land where the accident occurred. Garza responded that Pullen was the possessor of the premises because he created a dangerous condition on the property by failing to put warning devices around the commercial vehicle and by failing to turn his vehicular hazard warning signal flashers on.

On appeal, Garza alleges that "[t]his failure to follow the law and well-known safety procedures created a dangerous condition on the premises." However, in his response to appellees'

no-evidence motion for summary judgment, Garza presented no evidence that Pullen exercised control of the side of the highway when he pulled over. *See Pride ex rel. Pride v. Collin Park Marina, Inc.*, No. 05-97-01410-CV, 2001 WL 755907, at *6 (Tex. App.—Dallas July 6, 2001, pet. denied) (not designated for publication) (no premises liability when party had no control over the highway where the accident occurred). Garza only alleged that when "Pullen came to rest on the shoulder, he controlled and occupied the premises he and his commercial vehicle came to rest on" and that "Pullen had the right to exclude others from the premises," but he failed to explain how this constituted "control" under a premises liability theory. *See id.* Therefore, Garza failed to raise a genuine issue of material fact on the ownership and control element of his premises liability cause of action. *See Tex. Mut. Ins. Co. v. Clarence Dailey Elec., Inc.*, No. 04-12-00506-CV, 2013 WL 4685040, at *6 (Tex. App.—San Antonio Aug. 30, 2013, no pet.) (mem. op.) (summary judgment properly granted on appellant's premises liability claim because appellant's response "failed to produce any summary judgment proof on the challenged elements of premises liability including ownership and control").

Because Garza failed to produce summary judgment evidence that raised a genuine issue of material fact on one of the challenged essential elements of his premises liability claim, the trial court did not err when it granted appellees' no-evidence motion for summary judgment on Garza's premises liability claim. *See id.*

## CONCLUSION

We affirm the trial court's summary judgment in part, as to Garza's gross negligence and premises liability claims. We reverse the trial court's judgment as to Garza's negligence claim and remand that claim to the trial court for further proceedings.

Rebeca C. Martinez, Chief Justice