**Opinion issued April 16, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-22-00898-CV**

———————————

**ANUJ GARG, INDIVIDUALLY AND A/N/F OF E.G., A MINOR, Appellant**

**V.**

**KATY JUMPS AND KARLIN ROSE, Appellees**

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 20-DCV-279363**

---

## MEMORANDUM OPINION

A child broke his leg while jumping in an inflatable bounce house. As next friend, the child's parent sued the bounce house company and its owner, alleging causes of action for premises liability, negligence, negligence per se, and gross negligence. The trial court granted a final no-evidence and traditional summary

judgment for the bounce house company. Because we conclude the trial court did not err by granting summary judgment, we affirm.

**Background**

Anuj Garg's seven-year-old son, E.G., fractured his femur while jumping in an inflatable bounce house at a birthday party. According to Garg, E.G. was in the bounce house with a bigger kid, "they both jumped and landed almost at the same time," but the bigger kid "landed maybe a couple of seconds before E.G." and "E.G. did not have a good landing."

Katy Jumps and its owner, Karlin Rose (collectively, "Jumps"), rented the bounce house to the party host. According to Garg, Jumps had to comply with the Amusement Ride Safety Inspection and Insurance Act and the associated regulations that impose a duty on bounce house companies, like Jumps, to follow the American Society for Testing and Materials (ASTM) standards for operating inflatables. *See, e.g.*, TEX. OCC. CODE § 2151.106; 28 TEX. ADMIN. CODE § 5.9011. But Jumps breached the ASTM standards because it did not have a trained attendant supervise the children's play in the bounce house.

Based on these allegations, Garg asserted claims against Jumps for premises liability, negligence, negligence per se, and gross negligence. Jumps moved for traditional and no-evidence summary judgment on all of Garg's claims. The traditional motion argued that Garg (1) asserted a negligence claim, not a premises

liability claim, and (2) relied on statutes that did not support a negligence per se theory. The no-evidence motion challenged several elements of Garg's claims, including causation as to Garg's theories of negligence and negligence per se.

After a hearing, the trial court granted Jumps' summary judgment motion in its entirety and dismissed Garg's claims. Garg appealed, challenging the trial court's summary judgment only as to negligence, negligence per se, and gross negligence.[1]

## Standard of Review

We review a trial court's summary judgment ruling de novo. *Odyssey 2020 Acad., Inc. v. Galveston Cent. Appraisal Dist.*, 624 S.W.3d 535, 540 (Tex. 2021). When a party moves for both traditional and no-evidence summary judgment, we consider the no-evidence motion first. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). If the nonmovant fails to meet its burden on the no-evidence motion, there is no need to address a challenge to the traditional motion, as it necessarily fails. *Id.* Any claims that survive no-evidence review are then analyzed under the traditional standard. *Id.* at 219–20.

After an adequate time for discovery, a party may move for no-evidence summary judgment. *See* TEX. R. CIV. P. 166a(i). No-evidence summary judgment is proper when there is no evidence of one or more essential elements of a claim or

---

[1]  Garg does not challenge the summary judgment on his premises liability claim. We therefore affirm the summary judgment on that claim. *See Jacobs v. Satterwhite*, 65 S.W.3d 653, 655 (Tex. 2001).

3

defense on which the adverse party bears the burden of proof at trial. *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021); TEX. R. CIV. P. 166a(i). The no-evidence motion must specifically state the element or elements for which there is no evidence. *Cmty. Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695 (Tex. 2017); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009).

A proper no-evidence summary judgment motion shifts the burden to the nonmovant to raise a material fact issue on each challenged element. *JLB Builders*, 622 S.W.3d at 864. The nonmovant presents more than a scintilla of evidence, and thus raises a fact issue, when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). If the evidence is so weak that it does no more than create a mere surmise or suspicion of a fact, the evidence is not more than a scintilla. *Id.* In our review, we take as true all evidence favorable to the nonmovant, and we "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Hillis v. McCall*, 602 S.W.3d 436, 440 (Tex. 2020) (quoting *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). If the nonmovant does not meet his burden to raise a material fact issue, "the court 'must' grant summary judgment." *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020) (per curiam) (quoting TEX. R. CIV. P. 166a(i)).

To be entitled to traditional summary judgment, the moving party must show that no material fact issue exists and the party is entitled to judgment as a matter of law. *JLB Builders*, 622 S.W.3d at 864; *see* TEX. R. CIV. P. 166a(c). If the moving party carries this burden, "the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment." *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). As with no-evidence summary judgments, we view the evidence in the light most favorable to the nonmovant. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 551 (Tex. 2019).

## Discussion

In three issues, Garg contends the trial court erred by granting the no-evidence and traditional summary judgment on his negligence, negligence per se, and gross negligence claims. We consider only the no-evidence motion because it is dispositive.

### A. The burden shifted to Garg.

Garg argues that Jumps' no-evidence motion contained only a "generalized no-evidence assertion" and did not specify the challenged elements of his claims. *See* TEX. R. CIV. P. 166a(i) ("The motion must state the elements as to which there is no evidence."). We disagree.

A no-evidence motion complies with Rule 166a(i) if it specifies the element or the elements of the nonmovant's claims for which there is no evidence. *Hansen*,

5

525 S.W.3d at 695; *Timpte Indus.*, 286 S.W.3d at 310; *see* TEX. R. CIV. P. 166a(i). If it lists the elements of the nonmovant's claim and only generally asserts that no evidence supports "one or more" or "any of" the elements, the motion is insufficient. *Hansen*, 525 S.W.3d at 695–96.

In the no-evidence portion of its hybrid motion, Jumps did more than generally assert that Garg had no evidence of "one or more" or "any of" the elements of his claims. *See id.* As to negligence, Jumps identified the elements of duty, breach, and causation as lacking evidentiary support:

> [Garg] has no evidence that [Jumps] owed any duty to [Garg], that [Jumps] breached any such duty, or that the breach of any alleged duty caused [Garg's] damages. Because [Garg] cannot develop or produce any evidence that [Jumps] violated any alleged duty to [Garg], that the violation of any alleged duty was the proximate cause of his damages, or that [Jumps was] responsible in any way for [Garg's] alleged damages, [Garg] has no evidence to support a cause of action for negligence.

Even if the trial court accepted Garg's negligence per se theory for the elements of duty and breach, Jump said, Garg had no "competent summary judgment evidence of causation." Finally, after explaining that gross negligence consists of both objective and subjective elements, Jumps asserted that Garg could not meet his burden under "either prong."

In this way, Jumps' no-evidence motion unambiguously set out the challenged elements of Garg's negligence, negligence per se, and gross negligence claims, and thus met Rule 166a(i)'s requirements. *See* TEX. R. CIV. P. 166a(i); *see Hansen*, 525

S.W.3d at 695. The burden thus shifted to Garg to raise a fact issue on each of the challenged elements of his claims. *See JLB Builders*, 622 S.W.3d at 864.

**B.      Garg presented no evidence that Jumps proximately caused E.G.'s injury by failing to supervise the bounce house.**

The elements of a negligence cause of action include damages proximately caused by the breach of a legal duty. *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998); *Ramirez v. Colonial Freight Warehouse Co.*, 434 S.W.3d 244, 249 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). Negligence per se also requires a showing of proximate cause. *Mo. Pac. R.R. Co. v. Am. Statesmen*, 552 S.W.2d 99, 103 (Tex. 1977); *Carrera v. Yañez*, 491 S.W.3d 90, 94 (Tex. App.—San Antonio 2016, no pet.). Thus, Garg cannot recover for either negligence or negligence per se without evidence that Jumps' acts or omissions proximately caused E.G.'s injury.

Proximate cause has two elements: cause in fact and foreseeability. *W. Invs., Inc. v. Urea*, 162 S.W.3d 547, 551 (Tex. 2005). "These elements cannot be established by mere conjecture, guess, or speculation." *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). The test for cause in fact is whether the act or omission was a substantial factor in causing the injury and without which the harm would not have occurred. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003). If the defendant's negligence merely furnished a condition that made the injuries possible, there is no cause in fact. *See IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004).

Garg alleges that E.G.'s injury could have been avoided if Jumps had not breached its duty to provide a trained attendant to supervise the children's bounce house play. In support, Garg cites deposition testimony that Jumps does not provide an attendant for its rentals or tell its customers that the bounce house owner's manual requires users to "be of similar age range, height[,] and weight." And he cites his safety expert's opinion that unsupervised use of a bounce house risks injury because children of disproportionate weights may jump at the same time and collide. According to the safety expert,

> allowing persons of disproportionate weight on inflatable bounce houses is forbidden because of the high risk of injuries that will likely occur. Furthermore, a properly trained supervisor of an inflatable bounce house should be able to determine how to categorize similarly sized individuals when allowing children to use the device at the same time . . . .

Even if we concluded that the safety expert's opinion is some evidence that allowing persons of disproportionate weight to jump together in a bounce house is dangerous, Garg's specific causation theory was speculative. *Cf. Wal-Mart Stores, Inc. v. Merrell*, 313 S.W.3d 837, 840 (Tex. 2010) ("Evidence that halogen lamps can cause fires generally . . . does not establish that the lamp in question caused *this* fire."). Garg's causation theory rests on the relative weight of the children using the bounce house when E.G. broke his leg. Garg's only evidence on that subject is his own deposition testimony recounting how E.G. described his injury:

8

[W]hat [E.G.] said was with that one big kid jumping with him, they both jumped and landed almost at the same time. He landed maybe a couple of seconds before E.G. And E.G. did not have a good landing and he basically—his leg split and so—so when the leg split his femur snapped upwards, up.

E.G.'s description of "that one big kid" reveals nothing about the children's weight differential and is no evidence that the other child was too big to be jumping with E.G. Because there is no evidence that the children's weights were disproportionate, Garg's claim that Jumps' supervision could have prevented E.G.'s injury is "mere conjecture, guess, or speculation." *Doe*, 907 S.W.2d at 477. Thus, even assuming that Jumps' acts or omissions breached a duty owed to E.G., as Garg alleges, Garg presented no evidence that the act or omission was a substantial factor in causing E.G.'s injury. *See Pitzner*, 106 S.W.3d at 727. The trial court thus did not err in granting the no-evidence summary judgment on Garg's negligence and negligence per se claims.

Garg's first and second issues are overruled.

## C. Garg's gross negligence claim cannot survive the dismissal of his negligence claim.

Negligence and gross negligence are not separable causes of action but are inextricably intertwined. *Ford Motor Co. v. Miles*, 967 S.W.2d 377, 390 (Tex. 1998). A finding of negligence is a prerequisite to a finding of gross negligence. *Ogunbanjo v. Don McGill of W. Hous., Ltd.*, No. 01-13-00406-CV, 2014 WL 298037, at *4 (Tex. App.—Houston [1st Dist.] Jan. 28, 2014) (mem. op.). Because the trial court

9

did not err in granting no-evidence summary judgment on Garg's negligence claim, the trial court also did not err in granting no-evidence summary judgment on Garg's gross negligence claim. *Id.*; *see also Seaway Prod. Pipeline Co. v. Hanley*, 153 S.W.3d 643, 659 (Tex. App.—Fort Worth 2004, no pet.) (gross negligence claim does not have to be addressed when predicate negligence claim fails).

Garg's third issue is overruled.

## Conclusion

We affirm the trial court's judgment.


Sarah Beth Landau
Justice

Panel consists of Justices Goodman, Landau, and Hightower.